1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC SKANSGAARD, as an individual and as a representative off the classes, ) ) ) Plaintiff, ) ) v. ) ) BANK OF AMERICA, N.A. and BAC ) HOME LOANS SERVICING, L.P. ) ) Defendants. ) ) ) ) | NO.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION** |

PLEASE TAKE NOTICE THAT Defendants Bank of America, N.A. ("BANA") and BAC Home Loans Servicing, L.P. ("BAC"), collectively referred to as "Defendants," hereby remove the above-captioned action currently pending in the Superior Court of the State of Washington for the County of King.  Removal is based on 28 U.S.C. §§ 1331 and 1332(d), and authorized by 28 U.S.C. § 1441.

## BACKGROUND

1.       On or about May 17, 2011, Plaintiff Eric Skansgaard ("Plaintiff") filed a Class Action Complaint ("Complaint" or "Compl."), on behalf of himself and two putative classes of Washington mortgage borrowers, with the Clerk of the Superior Court of the State of

DEFENDANTS' NOTICE OF REMOVAL OF ACTION. - 1
CASE NO.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1   Washington for the County of King (the "State Court Action"). The State Court Action was

2   assigned Docket No. 11-2-17796-3 SEA.

3       2.      BANA and BAC are named as defendants in the Complaint. The Complaint

4   purports to assert claims for breach of contract, for breach of the implied covenant of good

5   faith and fair dealing, for violation of the Washington Consumer Protection Act, RCW §

6   19.86.010 *et seq.*, and for declaratory judgment.

7       3.      On May 17, 2011, Defendants received a copy of the Complaint in the State

8   Court Action from their counsel, who received it from Plaintiff's counsel. The May 17, 2011

9   receipt of the Complaint was the first time either Defendant had received a copy of the initial

10  pleading in the State Court Action. This removal is therefore timely because Defendants

11  removed the State Court Action within 30 days after the May 17, 2011 receipt of the

12  Complaint. *See* 28 U.S.C. § 1446(b).

13      4.      Pursuant to 28 U.S.C. §§ 1332(d), 1446(a) and 1441(a), this Notice of

14  Removal is being filed in the United States District Court for the Western District of

15  Washington, which is part of the "district and division" embracing the place where this action

16  was filed – King County, Washington.

17      5.      This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28

18  U.S.C. § 1446(a).

19      6.      BAC and BANA have satisfied all procedural requirements of 28 U.S.C. §

20  1446 and thereby remove this Action to the United States District Court for the Western

21  District of Washington pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1453.

22      7.      Appended hereto as Exhibit A is a copy all process, pleadings, and orders

23  served upon Defendants in the State Court Action. *See* 28 U.S.C. § 1446(a).

24      8.      Appended hereto as Exhibit B is a copy of the Notice of Removal to All

25  Adverse Parties, which will be promptly served upon Plaintiff's counsel and filed with the

26

DEFENDANTS' NOTICE OF REMOVAL OF ACTION. - 2
CASE NO.

1   Clerk of the Superior Court of the State of Washington for the County of King, pursuant to 28

2   U.S.C. § 1446(d).

3       9.      Appended hereto as Exhibit C is a copy of the Notice to Clerk of Removal to

4   Federal Court, which will be promptly filed with the Clerk of the Superior Court of the State

5   of Washington for the County of King, pursuant to 28 U.S.C. § 1446(d).

6       10.     Pursuant to Section 1016 of the Judicial Improvements and Access to Justice

7   Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to

8   Section 1016 of the Act, this Notice need not be verified.

9       11.     Based upon the reasons stated herein, this Court has jurisdiction over this

10  matter pursuant to 28 U.S.C. §§ 1331 and 1332(d), and the claims may be removed to this

11  Court under 28 U.S.C. §§ 1441 and 1446.

12      12.     Although consent to removal is not required under the Class Action Fairness

13  Act, 28 U.S.C. § 1453(b), BAC and BANA both consent to removal of this action.

14              **STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1332(d), 1453**

15      13.     Removal of this case is proper pursuant to the Class Action Fairness Act of

16  2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1453.

17      14.     This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. §

18  1332(d),[1] because: (1) the putative class action consists of at least 100 proposed class

19  members; (2) the citizenship of at least one putative class member is different from that of at

20  least one of the Defendants; and (3) the aggregate amount placed in controversy by the claims

21

22  [1] 28 U.S.C. § 1332(d)(2) provides that:

23      The district courts shall have original jurisdiction of any civil action in which the matter in controversy
        exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

24          (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
            (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any

25      defendant is a citizen of a State; or
            (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a

26      citizen or subject of a foreign state.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION. - 3
CASE NO.

1    of the plaintiffs and the proposed class members exceeds the sum or value of $5,000,000,

2    exclusive of interest and costs.

3         15.    Number of Class Members.    Removal is proper under 28 U.S.C. §

4    1332(d)(5)(B) because the number of members of the proposed plaintiff classes exceeds 100.

5    Plaintiff contends that "hundreds of Defendants' customers satisfy the definition" of the

6    putative classes.  Compl. ¶ 28.

7         16.    Citizenship of Parties.  Diversity of citizenship exists between the parties

8    pursuant to 28 U.S.C. § 1332(d)(2).

9         17.    Plaintiff is a resident of Carson City, Nevada, and is the borrower under a

10   mortgage loan owned or serviced by Defendants.  Compl. ¶ 8.

11        18.    Defendant BANA is, and at all times relevant to the State Court Action was, a

12   national bank with its principal and main place of business in Charlotte, North Carolina.

13   Therefore, for the purposes of assessing the citizenship of BANA, it is considered a citizen of

14   North Carolina.  *See Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006).

15        19.    Defendant BAC is a limited partnership formed under the laws of the State of

16   Texas.  In assessing diversity of citizenship for a limited partnership like BAC, the citizenship

17   of the partnership's individual partners controls.  *Group Dataflux v. Atlas Global Group, L.P.*,

18   541 U.S. 567, 569 (2004) (noting the "accepted rule" that a limited partnership "is a citizen of

19   each State or foreign country of which any of its partners is a citizen").  BAC's only partners

20   are BAC G.P., LLC and BANA L.P., LLC, which are both limited liability companies.  The

21   citizenship of a limited liability company is determined by the citizenship of its members.

22   *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.2006).  The sole

23   member of both BANA L.P., LLC and BAC G.P., LLC is BANA.  Thus, because BANA—

24   and, consequently, BAC G.P., LLC and BANA L.P., LLC—is a citizen of North Carolina,

25   BAC is also a citizen of North Carolina for diversity purposes.

26

DEFENDANTS' NOTICE OF REMOVAL OF ACTION. - 4
CASE NO.

20.     Because Plaintiff is a citizen of Nevada, and BANA and BAC are citizens of North Carolina, complete diversity exists between the parties.

21.     <u>Amount in Controversy</u>.  While Defendants deny that Plaintiffs are entitled to recover any amount, and specifically deny that certification of any class is proper, the amount in controversy with respect to the aggregate claims of the class members, exclusive of interest and costs, exceeds $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(6).

22.     Plaintiff's "Proposed Washington Over-Insured Class" is defined as:

> All persons who have or had a mortgage loan with Defendants that was secured by residential property in the State of Washington and who were required by Defendants to purchase or maintain flood insurance on their property in excess of their principal balance within six years prior to this action's filing date through the date of final disposition of this action.

Compl. ¶ 49.    Since September 2009 alone, Defendants believe there have been approximately 1,254 Washington borrowers who fall into this category.  Lindenbaum Decl. ¶ 3.

23.     Plaintiff alleges that he paid $1784.40 ($799.22 + $985.18) in premiums for allegedly unauthorized flood insurance.  *See* Compl. ¶¶ 20, 23.  Plaintiff also seeks treble damages under the Washington Consumer Protection Act, RCW § 19.86.090.  *See id.* ¶ 59, Prayer for Relief I.  With the Consumer Protection Act's treble damages provision applied, the amount in controversy as to Plaintiff, is roughly $5,353.20.  For present purposes, it is assumed based upon the allegations in the Complaint that Plaintiff's asserted damages are representative of those of other class members.

24.   When the number of members of the "Proposed Washington Over-Insured Class" is multiplied by the amount in controversy as to each member, CAFA's $5,000,000 jurisdictional threshold is met: 1,254 multiplied by $5,353.20 equals $6,712,912.80.  This result is reached without taking into account the amount in controversy as to Plaintiff's "Proposed Washington Force-Placed Class."  *See* Compl. ¶27.  There are at least 2,548 borrowers who fit the definition of that class.  Lindenbaum Decl. ¶ 4.  It is clear that if that

DEFENDANTS' NOTICE OF REMOVAL OF ACTION. - 5
CASE NO.

1    amount were taken into account, the aggregate amount in controversy would even further

2    outstrip CAFA's jurisdictional threshold.

3          25.   <u>Jurisdiction is Mandatory</u>.  Jurisdiction is mandatory, not discretionary, under

4    CAFA because Defendants are not citizens of Washington, the "state in which th[is] action

5    was originally filed."  28 U.S.C. § 1332(d)(3).

6          26.   <u>No CAFA Exceptions Apply</u>.  Although Defendants deny that they bear the

7    burden to show that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(4), (5), and

8    (9) are inapplicable, none apply.

9          <u>First</u>, the exceptions in 28 U.S.C. §§ 1332(d)(4) do not apply because, as already

10   noted, both Defendants are citizens of North Carolina, and no defendant is a citizen of the

11   State in which the Complaint was originally filed – Washington.[2]

12         <u>Second</u>, the exception in 28 U.S.C. § 1332(d)(5)(B) does not apply because the

13   number of putative class members is alleged to be in excess of 100.[3]  *See* Compl. ¶ 28.

14

15   _____

16   [2] 28 U.S.C. § 1332(d)(4) provides:

17          A district court shall decline to exercise jurisdiction under [CAFA]—
            (A)
18                (i) over a class action in which—
                      (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are
19                    citizens of the State in which the action was originally filed;
                      (II) at least 1 defendant is a defendant—
20                         (aa) from whom significant relief is sought by members of the plaintiff class;
                           (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed
21                         plaintiff class; and
                           (cc) who is a citizen of the State in which the action was originally filed; and
22                    (III) principal injuries resulting from the alleged conduct or any related conduct of each
                      defendant were incurred in the State in which the action was originally filed; and
23                (ii) the 3-year period preceding the filing of that class action, no other class action has been filed
                  asserting the same or similar factual allegations against any of the defendants on behalf of the same
24                or other persons; or
            (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the
25          primary defendants, are citizens of the State in which the action was originally filed.

26   [3] 28 U.S.C. § 1332(d)(5)(B) provides that CAFA's provisions "shall not apply to any class action in which . . .
     the number of members of all proposed plaintiff classes in the aggregate is less than 100."

DEFENDANTS' NOTICE OF REMOVAL OF ACTION. - 6
CASE NO.

1    Finally, the exception in 28 U.S.C. § 1332(d)(9) does not apply because this case does

2    not involve a claim under the securities laws and does not relate to the internal affairs and

3    governance of a corporation or other form of business enterprise.[4]  28 U.S.C. § 1332(d)(9);

4    *see generally* Complaint.

5              **STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1331, 1367, & 1441**

6              27.    Removal of this case is proper pursuant to 28 U.S.C. § 1441(a), which entitles

7    a defendant to remove "any civil action brought in a state court of which the district courts of

8    the United States have original jurisdiction."  This Court has original jurisdiction over this

9    lawsuit pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).[5]

10             28.    Federal Question Jurisdiction.    This court has original jurisdiction over

11   Plaintiff's action under 28 U.S.C. § 1331 because Plaintiff's "right to relief necessarily

12   depends on resolution of a substantial question of federal law."  *Procter v. Vishay Intertech.*

13   *Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009).  This case turns on the interpretation of Plaintiff's

14   mortgage, which secures a loan guaranteed by the Federal Housing Administration ("FHA"),

15   using a mortgage agreement promulgated by the FHA.  Plaintiff asserts that his FHA

16   mortgage requires that he carry flood insurance only "to the extent required by the Secretary"

17   of the federal Department of Housing & Urban Development ("HUD").  Compl. ¶ 15.  Thus,

18

19   _____

     [4] 28 U.S.C. § 1332(d)(9) provides that:
20
         [CAFA] shall not apply to any class action that solely involves a claim—
21           (A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C.
             78p (f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb (f)(5)(E));
22           (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise
             and that arises under or by virtue of the laws of the State in which such corporation or business
23           enterprise is incorporated or organized; or
             (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by
24           or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C.
             77b (a)(1)) and the regulations issued thereunder).
25
     [5] 28 U.S.C. § 1331 provides that "]t]he district courts shall have original jurisdiction of all civil actions arising
26   under the Constitution, laws, or treaties of the United States."

DEFENDANTS' NOTICE OF REMOVAL OF ACTION. - 7          **LANE POWELL** PC
CASE NO.                                              1420 FIFTH AVENUE, SUITE 4100
                                                     SEATTLE, WASHINGTON  98101-2338
                                                     206.223.7000 FAX: 206.223.7107

1    to interpret Plaintiff's FHA mortgage, it will be necessary for the Court to interpret the federal

2    regulations setting forth HUD's flood insurance coverage requirements.    Indeed, the

3    Complaint contends that among the "questions of law and fact" common to all members of

4    the putative class are "**[w]hether federal law requires** borrowers with mortgage loans to

5    purchase and/or maintain flood insurance in amounts greater than necessary to secure their

6    principal balance," *id.* ¶ 31(a), and "**[w]hether HUD requires** borrowers with mortgage loans

7    to purchase and/or maintain flood insurance in amounts greater than necessary to secure their

8    principal balance," *id.* ¶ 31(b) (emphasis added).  In addition, the Complaint repeatedly makes

9    reference to federal law as grounds for the relief sought therein.  *See id.* ¶¶ 14 (quoting federal

10   statute regarding flood insurance); 15 (quoting federal regulations regarding flood insurance);

11   19 (alleging that "[t]he National Flood Insurance Act and its accompanying regulations do not

12   require flood insurance in excess of a borrower's principal balance" and that "HUD does not

13   require flood insurance in excess of a borrower's principal balance").

14          29.    <u>Supplemental Jurisdiction</u>.    Adjudication of the claims asserted in the

15   Complaint will require resolution of a substantial question of federal law.  To the extent

16   Plaintiff's claims do not require resolution of a substantial question of federal law, this Court

17   nonetheless has supplemental jurisdiction over those claims as they are so related to the

18   federal claims that they form part of the same case or controversy.  28 U.S.C. § 1367.

19   Plaintiff's state-law claims do not raise novel or complex issues of state law or substantially

20   predominate over her federal claims. *See id.* § 1367(c).

21                                   <u>**CONCLUSION**</u>

22          By this notice and its attachments, Defendants do not waive any objections they may

23   have as to improper service, jurisdiction, or venue or any other defenses or objections to this

24   Action or the State Court Action.  Defendants intend no admission of fact, law, or liability by

25   this notice, and reserve all defenses, motions, and pleas.  Defendants pray that this action be

26

DEFENDANTS' NOTICE OF REMOVAL OF ACTION. - 8
CASE NO.

1  removed to this Court, that all further proceedings in the state court be stayed, and that

2  Defendants obtain all additional relief to which they are entitled.

3       DATED:  June 13, 2011

4                       LANE POWELL PC

5

6                       By s/John S. Devlin

7                          John S. Devlin III, WSBA No. 23988
                        Jacob M. Downs, WSBA No. 37982

8                          1420 Fifth Avenue, Suite 4100
                        Seattle, WA  98101-2338

9                          Telephone: (206) 223-6280
                        Fax:  (206) 223-7101

10                          E-mail:  devlinj@lanepowell.com

11  Of Counsel:

12  GOODWIN PROCTER LLP

13  John C. Englander (*pro hac vice pending*)
   Matthew Lindenbaum (*pro hac vice pending*)

14  53 State Street
   Boston, Massachusetts  02109

15  Tel.:  617.570.1000
   Fax:  617.523.1231

16  E-mail:  jenglander@goodwinprocter.com
   Email:  mlindenbaum@goodwinprocter.com

17

18                       Attorneys for Defendants
                     BANK OF AMERICA, N.A. and

19                       BAC HOME LOANS SERVICING, L.P.

20

21

22

23

24

25

26

DEFENDANTS' NOTICE OF REMOVAL OF ACTION. - 9
CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 13th day of June, 2011, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Beth E. Terrell, WSBA #26759
Michael D. Daudt, WSBA #25690
Terrell Marshall Daudt & Willie PLLC
936 N 34th Street, Suite 400
Seattle, WA  98103-8869

Phone: (206) 816-6603
Fax: (206) 350-3528
Email: bterrell@tmdwlaw.com
        mdaudt@tmdlaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Executed on 13th day of June, 2011, at [City] , Washington.

_s/Leah Burrus_
Leah Burrus

DEFENDANTS' NOTICE OF REMOVAL OF ACTION. - 10
CASE NO.