**EXHIBIT A**

11



the **Voice** for employees®
**Nichols Kaster**, PLLP
Attorneys at Law
Minneapolis • San Francisco

May 24, 2011

**VIA HAND DELIVERY**
Matthew G. Lindenbaum, Esq.
John C. Englander, Esq.
Mark T. Knights, Esq.
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

RE:   *Eric Skansgaard v. Bank of America, N.A. & BAC Home Loans Servicing, L.P.;*
      *Case No. 11-2-17796-3 SEA*

Dear Counsel,

Enclosed and served upon you in the above referenced matter are the following:

1. Civil Complaint;
2. Summons to Bank of America, N.A.;
3. Summons to BAC Home Loans Servicing, L.P.;
4. Order Setting Civil Case Schedule (*ORSCS); and
5. Important Notice regarding King County Superior Court Hearing Locations.

The Complaint was filed with the clerk of court on May 17, 2011.  Please feel free to
contact me with any concerns.  Thank you for your time and attention to this matter.

Sincerely,

Kai Richter

Encl.

"A TRUE COPY ATTEST"
PROCESS SERVER
AND DISINTERESTED PERSON

DELIVERED MAY 2 4 2011

4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402 • Telephone (612) 256-3200 • Facsimile (612) 338-4878
Direct Dial (612) 256-3278 • Email krichter@nka.com • Web www.nka.com

12

1
2
3
4
5
6

HONORABLE SUZANNE BARNETT

7        IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
8                        FOR THE COUNTY OF KING

9   ERIC SKANSGAARD, as an
    individual and as a representative of
10  the classes,                              No.: 11-2-17796-3 SEA

11                      Plaintiff,            SUMMONS (20 Day)

12          v.

13
    BANK OF AMERICA, N.A., and BAC
14  HOME LOANS SERVICING, L.P.,

15                      Defendants.
16

17

18  TO:    BAC HOME LOANS SERVICING, L.P.:

19         A lawsuit has been started against you in the above entitled court by Eric

20  Skansgaard, Plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of

21  which is served upon you with this Summons.

22         In order to defend against this lawsuit, you must respond to the Complaint by

23  stating your defense in writing, and by serving a copy upon the person signing this

24  Summons within 20 days after the service of this Summons, excluding the day of

25  service, or a default judgment may be entered against you without notice. A default

26  judgment is one where plaintiff is entitled to what he asks for because you have not

SUMMONS - Page 1 of 2

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH STREET, SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

13

1  responded. If you serve a notice of appearance on the undersigned person, you are

2  entitled to notice before a default judgment may be entered.

3      You may demand that the Plaintiff file this lawsuit with the court. If you do so,

4  the demand must be in writing and must be served upon the person signing this

5  Summons. Within 14 days after you serve the demand, the Plaintiff must file this

6  lawsuit with the court, or the service on you of this Summons and Complaint will be

7  void.

8      If you wish to seek the advice of an attorney in this matter, you should do so

9  promptly so that your written response, if any, may be served on time.

10     This Summons is issued pursuant to rule 4 of the Superior Court Civil Rules of

11 the State of Washington.

12 Date: May 17, 2011          TERRELL MARSHALL DAUDT & WILLIE PLLC

13

14                            By:  /s/ Beth E. Terrell, WSBA #26759
                                   Beth E. Terrell, WSBA # 26759
15                                 Email: bterrell@tmdwlaw.com
                                   Michael D. Daudt, WSBA #25690
16                                 Email: mdaudt@tmdwlaw.com
                                   936 North 34th Street, Suite 400
17                                 Seattle, Washington 98103-8869
                                   Telephone: (206) 816-6603
18                                 Facsimile: (206) 350.3528

19

20                                 Paul J. Lukas
                                   E. Michelle Drake
21                                 Kai Richter
                                   Rebekah L. Bailey
22                                 NICHOLS KASTER, PLLP
                                   4600 IDS Center
23                                 80 South Eighth Street
                                   Minneapolis, MN 55402
24                                 Telephone: (612) 256-3200
                                   Facsimile: (612) 215-6870
25

26                                 *Attorneys for Plaintiff*

SUMMONS - Page 2 of 2

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH STREET, SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

14

HONORABLE SUZANNE BARNETT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| ERIC SKANSGAARD, as an individual and as a representative of the classes,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, L.P.,<br><br>Defendants. | No.:  11-2-17796-3 SEA<br><br>SUMMONS (20 Day) |

TO:   BANK OF AMERICA, N.A.:

A lawsuit has been started against you in the above entitled court by Eric Skansgaard, Plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not

SUMMONS - Page 1 of 2

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH STREET, SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

15

1   responded. If you serve a notice of appearance on the undersigned person, you are

2   entitled to notice before a default judgment may be entered.

3        You may demand that the Plaintiff file this lawsuit with the court. If you do so,

4   the demand must be in writing and must be served upon the person signing this

5   Summons. Within 14 days after you serve the demand, the Plaintiff must file this

6   lawsuit with the court, or the service on you of this Summons and Complaint will be

7   void.

8        If you wish to seek the advice of an attorney in this matter, you should do so

9   promptly so that your written response, if any, may be served on time.

10       This Summons is issued pursuant to rule 4 of the Superior Court Civil Rules of

11  the State of Washington.

12  Date:  May 17, 2011          TERRELL MARSHALL DAUDT & WILLIE PLLC

13

14                              By:   /s/ Beth E. Terrell, WSBA #26759
                                    Beth E. Terrell, WSBA # 26759
15                                  Email:  bterrell@tmdwlaw.com
                                    Michael D. Daudt, WSBA #25690
16                                  Email:  mdaudt@tmdlaw.com
                                    936 North 34th Street, Suite 400
17                                  Seattle, Washington  98103-8869
                                    Telephone:  (206) 816-6603
18                                  Facsimile: (206) 350.3528

19
                                    Paul J. Lukas
20                                  E. Michelle Drake
                                    Kai Richter
21                                  Rebekah L. Bailey
                                    NICHOLS KASTER, PLLP
22                                  4600 IDS Center
                                    80 South Eighth Street
23                                  Minneapolis, MN 55402
                                    Telephone: (612) 256-3200
24                                  Facsimile: (612) 215-6870

25

26                                  *Attorneys for Plaintiff*


SUMMONS - Page 2 of 2

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH STREET, SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

HONORABLE SUZANNE BARNETT

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
8
FOR THE COUNTY OF KING

9 ERIC SKANSGAARD, as an individual
and as a representative of the classes,          NO.   11-2-17796-3 SEA

10                                                Plaintiff,          **CLASS ACTION COMPLAINT**

11          v.

12 BANK OF AMERICA, N.A., and BAC
HOME LOANS SERVICING, L.P.,
13
Defendants.
14

15

16          Plaintiff Eric Skansgaard ("Plaintiff"), by and through his attorneys, and on behalf

17 of himself, the Washington Classes set forth below, and in the public interest, brings the

18 following Complaint against Defendants Bank of America, N.A. ("BOA") and BAC Home

19 Loans Servicing, L.P. ("BAC Servicing") (collectively, "Defendants").

20                              **PRELIMINARY STATEMENT**

21          1.      Plaintiff and the Washington Class members currently have or formerly

22 had mortgage loans with Defendants, secured by their residential property in

23 Washington.

24          2.      During the applicable statutory period, Defendants unfairly, deceptively,

25 and unlawfully required Plaintiff and other class members to purchase and maintain

26 flood insurance on their property in amounts greater than required by law, greater than

27

28
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON 98103-8869
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM
CLASS ACTION COMPLAINT - Page 1 of 19

17

1   required by their deeds of trust, and greater than Defendants' financial interest in their

2   property, without any reasonable basis or justification.

3        3.    Defendants also have unfairly, unjustly, and unlawfully profited from force-

4   placing flood insurance on Plaintiff's property and the property of other class members,

5   by accepting commissions or other compensation in connection with force-placed flood

6   insurance.

7        4.    Defendants engaged in this conduct in bad faith, knowing that their actions

8   were inconsistent with applicable law, reasonable commercial standards of fair dealing,

9   and the reasonable expectations of borrowers.

10        5.    Based on Defendants' conduct described herein, Plaintiff asserts claims

11   against Defendants for breach of contract, breach of the implied covenant of good faith

12   and fair dealing, violation of the Washington Consumer Protection Act ("CPA"), and

13   declaratory judgment under the Uniform Declaratory Judgments Act ("DJA").

14        6.    Plaintiff asserts these claims on behalf of two separate, but partially

15   overlapping, Washington Classes: (1) a "Washington Over-Insured Class" consisting of

16   all persons who have or had a mortgage loan with Defendants that was secured by

17   residential property in the State of Washington and who were required by Defendants to

18   purchase or maintain flood insurance on their property in excess of their principal

19   balance within six years prior to this action's filing date through the date of final

20   disposition of this action; and (2) a "Washington Force-Placed Class" consisting of all

21   persons with residential property in the State of Washington who had flood insurance

22   force-placed on their property by Defendants and who paid such charges, in whole or in

23   part, within six years prior to this action's filing date through the date of final disposition

24   of this action.

25

26

27

28      CLASS ACTION COMPLAINT - Page 2 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

18

7.      Plaintiff and the Washington Classes seek injunctive relief, corresponding declaratory relief, monetary relief, and other appropriate relief for Defendants' unlawful conduct, as described herein.

**THE PARTIES**

8.      Individual and representative Plaintiff Eric Skansgaard owns real property in Hoquiam, Washington, and is a member of the Washington Classes defined below. Plaintiff currently resides in Carson City, Nevada.

9.      Defendant Bank of America, N.A. ("BOA") is a national banking association headquartered in Charlotte, North Carolina. BOA does business in the State of Washington and several other states throughout the country.

10.     Defendant BAC Home Loans Servicing, L.P. ("BAC Servicing") is a subsidiary of BOA that services loans originated and purchased by BOA, including mortgage loans to Washington homeowners. At all relevant times, BAC Servicing was acting on behalf of BOA, and its conduct was approved, authorized, and/or ratified by BOA. BAC Servicing is headquartered in Calabasas, California.

**JURISDICTION AND VENUE**

11.     This court has personal jurisdiction over Defendants because Defendants conduct business in King County and other locations in the State of Washington.

12.     Defendants transact business in King County and therefore reside in King County for purposes of RCW 4.12.025. Accordingly, venue is proper in this court.

**FACTUAL ALLEGATIONS**

13.     In October of 2002, Plaintiff obtained a Federal Housing Administration ("FHA") loan from Eagle Home Mortgage in the amount of $83,686.00, secured by a deed of trust ("Deed of Trust") on his property in Hoquiam, Washington (the "Washington Property"). BOA later acquired the rights to this mortgage loan, and is the

CLASS ACTION COMPLAINT - Page 3 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

1   current lender-in-interest to Plaintiff's Deed of Trust. BAC Servicing services Plaintiff's

2   mortgage loan on behalf of BOA. The current principal balance of Plaintiff's mortgage

3   loan is less than $73,000. The Deed of Trust contains a "Governing Law" clause that

4   selects both federal law and the "law of the jurisdiction in which the Property is located."

5   Plaintiff's property and the Classes' properties are located in the State of Washington.

6         14.    Because the Washington Property falls within a Special Flood Hazard

7   Area ("SFHA"), federal law requires flood insurance on the Washington Property, for the

8   term of the loan, "in an amount at least equal to the outstanding principal balance of the

9   loan or the maximum limit of coverage made available under the Act, *whichever is less*."

10   42 U.S.C. § 4012a(b)(1) (emphasis added).

11        15.    Consistent with this federal mandate, Plaintiff's Deed of Trust provides

12   that Plaintiff is required to insure the property "against loss by floods to the extent

13   required by the Secretary" of Housing and Urban Development ("HUD"). HUD's

14   website, in turn, provides as follows:

16        **Dollar Amount of Flood Insurance Coverage.** For loans, loan insurance
or guarantees, the amount of flood insurance coverage need not exceed
the outstanding principal balance of the loan.

18   http://www.hud.gov/offices/cpd/environment/review/floodinsurance.cfm (last visited May

19   10, 2011); *accord*, 24 C.F.R. § 203.16a(c) ("flood insurance must be maintained . . . in

20   an amount at least equal to . . . the outstanding balance of the mortgage").

21        16.    Pursuant to federal law and the terms of his Deed of Trust, Plaintiff

22   obtained flood insurance coverage from Farmers Insurance Group ("Farmers") in an

23   amount sufficient to cover his principal balance at the time his mortgage loan was

27

28   CLASS ACTION COMPLAINT - Page 4 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34ᵀᴴ ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

1   originated.[1]  Eagle Home Mortgage never indicated that this amount of coverage was in

2   any way inadequate under federal law or the Deed of Trust.

3        17.    For several years, Plaintiff continued to maintain flood insurance on his

4   property in an amount sufficient to cover his principal balance, in accordance with

5   federal law and the terms of his Deed of Trust.  Until Bank of America acquired his

6   mortgage loan, Plaintiff never was advised that this amount of coverage was

7   inadequate.

8        18.    In March of 2010, after acquiring Plaintiff's mortgage loan, Bank of

9   America suddenly contended that Plaintiff's flood insurance coverage was not

10  adequate, and sent him a pair of form letters claiming that he was required to maintain

11  flood insurance coverage in an amount at least equal to the lesser of: (1) the maximum

12  insurance available under the National Flood Insurance Program ($250,000); or (2) the

13  replacement value of the improvements to his property.

14       19.    Bank of America knew or should have known that it had no basis for

15  demanding this increased level of flood insurance coverage, as evidenced by, *inter alia*,

16  the following facts:

     a)   The plain language of Plaintiff's Deed of Trust does not require
          flood insurance in excess of his principal balance;

     b)   The National Flood Insurance Act and its accompanying regulations
          do not require flood insurance in excess of a borrower's principal
          balance;

     c)   HUD does not require flood insurance in excess of a borrower's
          principal balance;

     d)   Eagle Home Mortgage did not require flood insurance coverage in
          excess of Plaintiff's principal balance upon origination of his
          mortgage loan;

---

[1] The cost of this insurance was made part of his escrow on the loan.

CLASS ACTION COMPLAINT - Page 5 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

21

e)   Plaintiff maintained flood insurance coverage in the amount of his principal balance for several years, without ever being told that this level of coverage was inadequate; and

f)   Defendants cannot identify any changes in federal law, the mortgage documents, or the circumstances surrounding the loan that justified Defendants' assertion that Plaintiff's coverage suddenly was not adequate.

20.   The following month, in April of 2010, Bank of America force-placed a flood insurance policy on Plaintiff's property (in addition to the existing Farmers policy), in order to satisfy its unjustified flood insurance requirements.  Bank of America charged Plaintiff's escrow account $799.22 for this force-placed insurance coverage, which was purchased through its affiliates.  Bank of America and its affiliates received a commission or other compensation for force-placing this flood insurance on Plaintiff's property.

21.   After Bank of America force-placed this flood insurance on Plaintiff's property, his mortgage payment skyrocketed from $758.46 per month to well over $900 per month (effective August 1, 2010).[2]  This increase was precipitated, almost entirely, by an alleged escrow "shortage" created as a result of the force-placed flood insurance coverage that Bank of America purchased out of Plaintiff's escrow account.

22.   On or about December 20, 2010, Bank of America sent Plaintiff a notice ("Notice of Intent to Renew"), threatening to renew his force-placed flood insurance coverage for another term at his expense.  This Notice of Intent to Renew suggested that Bank of America would purchase renewal coverage in the amount of Plaintiff's principal balance ($72,714.00 at the time), and stated: "This insurance may provide less coverage than was in effect previously."  However, when Bank of America later renewed

---

[2] Bank of America demanded a payment of $982.55 on August 1, 2010. It has charged him various amounts over $900 per month since that time.

CLASS ACTION COMPLAINT - Page 6 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

his flood insurance coverage, it once again purchased flood insurance coverage far in excess of his principal balance.

23.     In a subsequent notice dated February 8, 2011 ("Notice of Renewal"), Bank of America repeated its unjustified flood insurance requirements.[3] Based on these requirements, Bank of America indicated that it had force-placed a renewal policy on Plaintiff's property in the amount of $192,700, at a cost of $985.18. The Notice of Renewal also noted that the flood insurance may have been purchased by Defendants through agencies that are affiliates of Bank of America, N.A., and that "Bank of America, N.A. and its affiliates may receive a commission or other compensation in connection with obtaining this coverage."

24.     In the Notice of Renewal, Bank of America stated: "We understand that you do have some flood insurance on the Property, but based on our records, it is not adequate." This statement was false, deceptive, and/or misleading. At the time Bank of America renewed this force-placed coverage, Plaintiff continued to maintain a separate flood insurance policy on his home, and previously had increased the level of coverage under his Farmers policy to $250,000, in order to satisfy Bank of America's unfair and unjustified flood insurance requirements.[4] Bank of America had no contractual or legal basis for demanding flood insurance coverage in excess of Plaintiff's principal balance,

---

[3] The Notice of Renewal stated as follows:

> To maintain acceptable insurance, we require that you maintain flood insurance coverage in an amount at least equal to the lesser of: (1) the maximum insurance available under the NFIP for participating communities, which is currently $250,000; or (2) the replacement value of the improvements to your property (typically based on the amount of hazard insurance we understand you have purchased for the property).

[4] Instead of renewing the Farmers policy at the $250,000 coverage amount, Bank of America inexplicably renewed the Farmers policy at a lower coverage amount ($57,300), and purchased a second force-placed policy (in the amount of $192,700) to meet its $250,000 coverage demand.

CLASS ACTION COMPLAINT - Page 7 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

23

1   and even if it did have such authority, it was unfair and unlawful for Bank of America to

2   force-place flood insurance coverage through its affiliates after reducing Plaintiff's flood

3   insurance coverage with Farmers.

4        25.    After Bank of America renewed this force-placed flood insurance

5   coverage, it claimed another "shortage" in Plaintiff's escrow account. Although Plaintiff

6   has increased his monthly mortgage payment from $758.46 to $820.00, he is unable to

7   pay the full amount demanded by Bank of America, and has been informed by Bank of

8   America that his mortgage loan is in default. This alleged default is due entirely to the

9   alleged "shortage" in Plaintiff's escrow account, which was precipitated by the

10   unnecessary and excessive force-placed flood insurance coverage that Bank of

11   America purchased out of escrow. Bank of America is now threatening to accelerate his

12   mortgage loan and foreclose on his property, without justification.

13                                **CLASS ACTION ALLEGATIONS**

14        26.    Plaintiff asserts claims relating to Defendants' unfair and unlawful flood

15   insurance requirements on behalf of the following proposed class:

16           **Proposed Washington Over-Insured Class:** All persons who have or
        had a mortgage loan with Defendants that was secured by residential
17           property in the State of Washington and who were required by Defendants
        to purchase or maintain flood insurance on their property in excess of their
18           principal balance within six years prior to this action's filing date through
        the date of final disposition of this action.
19

20        27.    Plaintiff also asserts claims relating to unfair commissions and other

21   compensation in connection with force-placed flood insurance on behalf of the following

22   proposed class:

23           **Proposed Washington Force-Placed Class:** All persons with residential
        property in the State of Washington who had flood insurance force-placed
24           on their property by Defendants and who paid such charges, in whole or in
        part, within six years prior to this action's filing date through the date of
25           final disposition of this action.

26

27                                           TERRELL MARSHALL DAUDT & WILLIE PLLC
                                        936 N. 34TH ST., SUITE 400
28   CLASS ACTION COMPLAINT - Page 8 of 19                SEATTLE, WA 98103
                                          T: 206.816.6603
                                          F: 206.350.3528
                                       WWW.TMDWLAW.COM

28.   Numerosity:  The Washington Classes are so numerous that joinder of all Class members is impracticable.  Plaintiff is informed and believes that during the relevant time period, hundreds of Defendants' customers satisfy the definition of the Washington Classes.

29.   Typicality:   Plaintiff's claims are typical of the members of the Washington Classes.  Plaintiff is informed and believes that (1) his loan and mortgage documents were typical of those of other Washington Class members; (2) the form letters Defendants sent him were typical of the form letters that Defendants sent to other Washington Class members (as evidenced, in part, by the form numbers on the letters); (3) Defendants treated him consistently with other Washington Class members in accordance with Defendants' standard policies and practices; (4) it was typical for Defendants to require borrowers in SFHAs to purchase and maintain flood insurance in amounts greater than required by law or contract, and greater than necessary to insure the amount of funds extended; and (5) it was typical for Defendants and their affiliates to accept commissions and other compensation in connection with force-placed flood insurance.

30.   Adequacy:   Plaintiff will fairly and adequately protect the interests of the Washington Classes, and has retained counsel experienced in complex class action litigation.

31.   Commonality:  Common questions of law and fact exist as to all members of the Washington Classes and predominate over any questions solely affecting individual members of the Washington Classes, including but not limited to:

> a.   Whether federal law requires borrowers with mortgage loans to purchase and/or maintain flood insurance in amounts greater than necessary to secure their principal balance;

CLASS ACTION COMPLAINT - Page 9 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

25

b.   Whether HUD requires borrowers with mortgage loans to purchase and/or maintain flood insurance in amounts greater than necessary to secure their principal balance;

c.   Whether the loan and mortgage documents relied upon by Defendants authorize Defendants to demand and/or force-place flood insurance in amounts greater than required by federal law and greater than necessary to secure the amount of funds extended;

d.   Whether Defendants have a pervasive policy and practice of misrepresenting the amount of flood insurance that borrowers are required to purchase and maintain under federal law and/or their deeds of trust;

e.   Whether Defendants' conduct described in this Complaint was unfair or deceptive;

f.   Whether Defendants' conduct described in this Complaint constitutes one or more violations of the CPA;

g.   Whether Defendants breached their contracts with mortgage loan borrowers by demanding unauthorized amounts of flood insurance or amounts that were not properly and adequately disclosed in their mortgage contracts;

h.   Whether Defendants owe their mortgage loan customers a duty of good faith and fair dealing, and if so, whether Defendants breached this duty and/or obligation by, *inter alia*, (i) demanding flood insurance in amounts greater than necessary to secure the amount of funds extended and greater than required by federal law or contract; and (ii) purchasing force-placed flood insurance through affiliates and accepting commissions or other compensation in connection with force-placed flood insurance coverage;

i.   The appropriateness and proper form of any declaratory or injunctive relief; and

j.   The appropriateness and proper measure of compensatory damages, statutory penalties and other relief.

CLASS ACTION COMPLAINT - Page 10 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

26

32.     This case is maintainable as a class action under CR 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the Washington Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Washington Classes as a whole.

33.     Class certification is also appropriate under CR 23(b)(3) because questions of law and fact common to the Washington Classes predominate over any questions affecting only individual members of the Washington Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in unnecessary flood insurance premiums and related charges that are readily calculable from Defendants' records and other class-wide evidence. Members of the Washington Classes do not have an interest in pursuing separate individual actions against Defendants, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation by members of the Washington Classes that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Washington Class members' claims in a single forum.

34.     Plaintiff intends to send notice to all members of the Washington Classes to the extent required by CR 23. The names and addresses of the Washington Class members are available from Defendants' records.

CLASS ACTION COMPLAINT - Page 11 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

27

## FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
#### Asserted on Behalf of the Washington Over-Insured Class

35.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

36.    BOA is the current lender-in-interest to Plaintiff's Deed of Trust and is bound by the terms of that Deed of Trust.

37.    Plaintiff's Deed of Trust does not require flood insurance in an amount greater than the unpaid principal balance on the loan.

38.    Defendants breached the express terms of the Deed of Trust by requiring Plaintiff to obtain flood insurance in excess of his principal balance and by force-placing flood insurance in excess of his principal balance.

39.    Defendants' breaches were willful and not the result of mistake or inadvertence.  On information and belief, Defendants systematically and pervasively required other members of the Washington Over-Insured Class to obtain flood insurance in excess of the amount required under their Deeds of Trust and in excess of the amount that Defendants could fairly and reasonably demand in good faith.

40.    As a direct result of Defendants' breaches of contract, Plaintiff and the Washington Over-Insured Class have suffered damages in the form of increased insurance premiums, escrow charges, interest payments, and/or other charges.

41.    The Deeds of Trust contain a prevailing party attorney's fees clause. Plaintiff and the Washington Over-Insured Class are entitled to recover their attorney's fees and costs pursuant to RCW 4.84.330.

42.    Plaintiff and the Washington Over-Insured Class are entitled to recover their damages and other appropriate relief for the foregoing contractual breaches.

CLASS ACTION COMPLAINT - Page 12 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

28

## SECOND CLAIM FOR RELIEF
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### Asserted on Behalf of Washington Over-Insured Class and Force-Placed Class

43. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

44. Defendants owed Plaintiff and the Washington Classes a duty of good faith and fair dealing, by virtue of Defendants' contractual relationship with Plaintiff and the Washington Class members.

45. Defendants breached this duty by, among other things: (1) misrepresenting both federal requirements and contractual requirements regarding flood insurance; (2) demanding and/or force-placing flood insurance coverage in excess of that required by federal law or the relevant loan and mortgage documents; (3) unreasonably exercising in bad faith any purported discretionary authority Defendants claim they were afforded under the loan and mortgage documents; (4) imposing contractual requirements that did not exist or exceeded the requirements disclosed in the relevant loan and mortgage documents; (5) purchasing force-placed flood insurance coverage through affiliates and accepting commissions or other compensation in connection with force-placed coverage; and (6) otherwise engaging in unfair conduct in connection with mortgage contracts (deeds of trust) with Plaintiff and other Washington Class members.

46. Defendants willfully engaged in the foregoing conduct in bad faith, for the purpose of (i) unfairly and unconscionably maximizing revenue from Plaintiff and other Washington Class members; (ii) generating unearned commissions, interest, fees, and other compensation for Bank of America and its affiliates; and (iii) gaining unwarranted contractual and legal advantages.

CLASS ACTION COMPLAINT - Page 13 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

29

47.     Plaintiff and the Washington Classes reasonably and justifiably relied on Defendants to (among other things) fully, honestly, and fairly disclose the amount of flood insurance that was required for their property under their Deeds of Trust and federal law, and to interpret and/or apply such requirements reasonably and fairly in good faith. But for Defendants' conduct, Plaintiffs would not have incurred the cost of purchasing or would not have been forced to incur the cost of purchasing flood insurance in excess of that required by federal law and/or contract.

48.     As a direct result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiff and the Washington Classes have suffered damages in the form of increased insurance premiums, escrow charges, interest payments, and/or other charges.

49.     Plaintiff and the Washington Classes are entitled to recover their damages and other appropriate relief for the foregoing contractual breaches of the implied covenant of good faith and fair dealing.

## THIRD CLAIM FOR RELIEF
### VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT
**Asserted on Behalf of Washington Over-Insured Class and Force-Placed Class**

50.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

51.     Plaintiff's and the Class members' properties are located in Washington State and Plaintiff's and the Class members' Deeds of Trust select Washington law as the governing law. As a result, Defendants' transactions and business interactions with Plaintiff and other Washington Class members are subject to the requirements of Washington law, including the CPA, RCW § 19.86.010 *et seq.*

CLASS ACTION COMPLAINT - Page 14 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

30

52.    The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

53.    Defendants violated the CPA, and continue to violate the CPA, by virtue of the unfair and deceptive acts and practices described above.  Among other things, it was unfair and deceptive for Defendants to demand and/or force-place flood insurance on property owned by Plaintiff and other Washington Class members in amounts greater than required by law, greater than required in the relevant loan and mortgage documents, and greater than Defendants' financial interest in their property, without any reasonable basis or justification.

54.    Defendants' practice of, among other things, purchasing force-placed flood insurance coverage through affiliates and accepting commissions or other compensation in connection with force-placed flood insurance coverage also constitutes an unfair practice.  This practice is unfair because it (1) causes substantial financial injury to Plaintiff and Washington Class members; (2) is not outweighed by any countervailing benefits to consumers or competitors; and (3) is not reasonably avoidable by consumers, unless consumers accede to Defendants' unfair and excessive insurance requirements and purchase coverage on their own that is sufficient to meet those unjustified requirements.  According to one published news report that won an investigative award from the Society of American Business Editors and Writers, Bank of America's financial incentives in connection with force-placed insurance have led it "to force-place excessive insurance and overcharge consumers for policies that provide minimal benefit[.]"  *See* "Ties to Insurers Could Land Mortgage Servicers in More Trouble," *available at* http://www.americanbanker.com/issues/175_216/ties-to-insurers-servicers-in-trouble-1028474-1.html?zkPrintable=1&nopagination=1   (last visited May 17, 2011).

CLASS ACTION COMPLAINT - Page 15 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

31

55.     These violations of the CPA are systematic and pervasive.  Defendants'
violations injured Plaintiff and Class members, had the capacity to injure others, and
continue to have the capacity to injure others, making Defendants' conduct injurious to
the public interest.  Defendants repeatedly committed these violations in the regular
course of their business, pursuant to a generalized corporate policy that affects many
persons with property in the State of Washington, and via form letters that were sent to
mortgage borrowers throughout the State of Washington.  Defendants will continue to
engage in these violations of the CPA in the absence of judicial relief.

56.     Defendants engaged in such conduct for the purpose of (i) unfairly and
unconscionably maximizing revenue from Plaintiff and other Washington Class
members; (ii) generating unearned commissions, interest, fees, and other compensation
for Bank of America and its affiliates; and (iii) gaining unwarranted contractual and legal
advantages.

57.     Plaintiff and the Washington Classes reasonably and justifiably relied on
Defendants to (among other things) fully, honestly, and fairly disclose the amount of
flood insurance that was required for their property under their Deeds of Trust and
federal law, and to interpret and/or apply such requirements reasonably and fairly in
good faith.  But for Defendants' conduct, Plaintiffs would not have incurred the cost of
purchasing or would not have been forced to incur the cost of purchasing flood
insurance in excess of that required by federal law and/or contract.

58.     As a result of Defendants' violations of the CPA, Plaintiff and the
Washington Classes have suffered ascertainable losses and damages in the form of
increased insurance premiums, escrow charges, interest payments, and/or other
charges.

CLASS ACTION COMPLAINT - Page 16 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

32

59.     Plaintiff and the Washington Classes are entitled to relief for Defendants' violations of the CPA, including but not limited to actual damages, treble damages, costs, attorneys' fees, and injunctive and declaratory relief. *See* RCW § 19.86.090.

**FOURTH CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT**

**Asserted on Behalf of the Washington Over-Insured Class**

60.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

61.     Pursuant to the RCW § 7.24.010 *et seq.*, Plaintiff and the Washington Over-Insured Class are entitled to a declaration that, *inter* alia, (1) their deeds of trust do not authorize Defendants to demand or force-place flood insurance on their property in excess of their outstanding principal balance, and (2) Defendants have breached their contracts and violated Washington law by demanding and/or force-placing unnecessary flood insurance coverage in excess of their outstanding principal balance.

62.     Plaintiff and the Washington Over-Insured Class are also entitled to an injunction restraining Defendants from, *inter alia*, foreclosing on their property, accelerating their mortgage loan, or taking any other adverse action as a result of any alleged default that was caused, in whole or in part, by non-payment of charges for force-placed flood insurance, flood insurance coverage in excess of their principal balance, or related interest, late fees, or other charges. *See* RCW §§ 7.24.080, 7.24.190, 61.24.130.

63.     Plaintiff and the Washington Over-Insured Class are entitled to their costs in connection with this proceeding. *See* RCW § 7.24.100.

64.     Plaintiff and the Washington Over-Insured Class are entitled to such further relief as is necessary or proper. *See* RCW § 7.24.080.

CLASS ACTION COMPLAINT - Page 17 of 19

TERRELL MARSHALL DAUDT & WILLIS PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

33

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Washington Classes, prays for relief as follows:

A.      Determining that this action may proceed as a class action under Civil Rules 23(b)(2) and (3);

B.      Designating Plaintiff's counsel as counsel for the Washington Classes;

C.      Designating Plaintiff as class representative for the Washington Classes;

D.      Issuing proper notice to the Washington Classes at Defendants' expense;

E.      Declaring that Defendants committed multiple, separate violations of the CPA;

F.      Declaring that Defendants' breached their mortgage contracts with borrowers and breached the covenant of good faith and fair dealing;

G.      Declaring that Defendants acted willfully in deliberate or reckless disregard of applicable law and the rights of Plaintiff and the Washington Classes;

H.      Awarding appropriate equitable relief, including but not limited to an injunction (i) requiring Defendants to reverse all unlawful, unfair, or otherwise improper charges for flood insurance coverage, (ii) prohibiting Defendants from imposing unfair and unlawful flood insurance requirements, (iii) prohibiting Defendants from accepting commissions or other compensation for themselves or their affiliates in connection with force-placed flood insurance, (iv) prohibiting Defendants from taking any adverse action as a result of any alleged default that was caused, in whole or in part, by non-payment of charges for force-placed flood insurance or for flood insurance coverage in excess of

CLASS ACTION COMPLAINT - Page 18 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34ᵀᴴ ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

34

the amount of funds extended by Defendants; and (v)  requiring Defendants to cease and desist from engaging in further unlawful conduct in the future;

     I.     Awarding actual damages, treble damages, punitive damages, penalties, and interest;

     J.     Awarding reasonable attorneys' fees and costs as provided by the CPA and other authority; and

     K.     Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

Date: May 17, 2011          Respectfully submitted,

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:  /s/ Beth E. Terrell, WSBA #26759
     Beth E. Terrell, WSBA # 26759
     Email:  bterrell@tmdwlaw.com
     Michael D. Daudt, WSBA #25690
     Email:  mdaudt@tmdlaw.com
     936 North 34th Street, Suite 400
     Seattle, Washington  98103-8869
     Telephone:  (206) 816-6603
     Facsimile: (206) 350.3528

     Paul J. Lukas
     E. Michelle Drake
     Kai Richter
     Rebekah L. Bailey
     NICHOLS KASTER, PLLP
     4600 IDS Center
     80 South Eighth Street
     Minneapolis, MN 55402
     Telephone: (612) 256-3200
     Facsimile: (612) 215-6870

     *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - Page 19 of 19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34TH ST., SUITE 400
SEATTLE, WA 98103
T: 206.816.6603
F: 206.350.3528
WWW.TMDWLAW.COM

35

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| Eric Skansgaard | | NO.  11-2-17796-3    SEA |
| | | Order Setting Civil Case Schedule (*ORSCS) |
| vs | Plaintiff(s) | |
| Bank of America, N.A., et al. | | ASSIGNED JUDGE  Barnett          46 |
| | | FILE DATE:                          05/17/2011 |
| | Defendant(s) | TRIAL DATE:                      **10/29/2012** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the **Schedule** on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition,** whether that response is a **Notice of Appearance,** a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| | |
|---|---|
| Beth E. Terrell | /s/ Beth E. Terrell |
| Print Name | Sign Name |

Order Setting Civil Case Schedule (*ORSCS)                                                    REV. 12/08     1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)                          REV. 12/08   2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue  05/17/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Tue  10/25/2011 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Tue  10/25/2011 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | Tue  11/08/2011 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Tue  05/29/2012 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Mon  07/09/2012 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon  07/23/2012 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(d)(2)*]. | Mon  07/23/2012 | * |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon  09/10/2012 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | Mon  10/01/2012 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon  10/08/2012 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16*] | Mon  10/08/2012 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon  10/15/2012 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Mon  10/22/2012 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon  10/22/2012 | * |
| Trial Date [*See KCLCR 40*]. | Mon  10/29/2012 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:  05/17/2011

*Richard F. McDermott*

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08    3

38

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

### B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.**  E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.  Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

**PRESIDING JUDGE**

41

King County
Department of Judicial Administration
Superior Court Clerk's Office

# IMPORTANT NOTICE
## KING COUNTY SUPERIOR COURT HEARING LOCATIONS WILL CHANGE
## IF THE MALENG REGIONAL JUSTICE CENTER IN KENT IS CLOSED

The Maleng Regional Justice Center (MRJC) in Kent lies within the former Green River floodplain and is at risk of flooding if the Green River overtops its levies in a major flood event.  The MRJC facility will likely be evacuated and closed if an imminent flood is predicted and operations normally located there will be forced to relocate.

If it becomes necessary to close the MRJC facility and relocate the courtrooms, some scheduled court proceedings at the King County Courthouse in Seattle will also be affected, with a changed location.

**PLEASE NOTE:  If you have a court proceeding scheduled at either the King County Courthouse in Seattle or the Maleng Regional Justice Center in Kent, please call (206) 296-9300 x '0' to learn if there is a flood related change to the location of your court proceeding.  Call within two days of your scheduled court date for the current information.**

Current MRJC flood status and proceeding location information will also be posted online here:

King County Superior Court's website:  http://www.kingcounty.gov/courts/superiorcourt

King County Clerk's Office website: http://www.kingcounty.gov/courts/Clerk

The Clerk's Office and Superior Court remain committed to providing good customer service throughout the flood watch season and, if necessary, during a MRJC facility closure period.  We thank you for your patience during this time.

**\*Please include a copy of this notice when providing copies of court documents to other parties.**

42

THE HONORABLE SUZANNE BARNETT
Department 46
Noted for Consideration:  Wednesday, June 1, 2011
Without Oral Argument

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| ERIC SKANSGAARD,<br><br>                              **Plaintiff,**<br><br>        v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                              **Defendants.** | NO.  11-2-17796-3 SEA<br>**NOTICE FOR HEARING**<br>**SEATTLE COURTHOUSE ONLY**<br>(Clerk's Action Required )  (NTHG) |

**TO:      THE CLERK OF THE COURT** and to all other parties listed on Page 2:
          **PLEASE TAKE NOTICE** that an issue of law in this case will be heard on the date below and the
          Clerk is directed to note this issue on the calendar checked below.

**Calendar Date:  __June 1, 2011_____          Day of Week:  ___Wednesday_____**

**Nature of Motion:  _Motion for Change of Judge Pursuant to RCW 4.12.040 and RCW 4.12.050__**

**CASES ASSIGNED TO INDIVIDUAL JUDGES – Seattle**

If oral argument on the motion is allowed (LCR 7(b)(2)), contact staff of assigned judge to schedule date and time before filing this notice.  **Working Papers:** The _**judge's name**_, date and time of hearing _**must**_ be noted in the upper right corner of the Judge's copy.  **_Deliver Judge's copies to Judges' Mailroom at C203._**

         [**X**] Without oral argument (Mon - Fri)          [ ] With oral argument Hearing

         Date/Time:  **Wednesday, June 1, 2011**_____

         Judge's Name:  __Honorable Suzanne Barnett__    Trial Date:  __October 29, 2012_____

**CHIEF CRIMINAL DEPARTMENT - Seattle in E1201**

[ ] Bond Forfeiture  3:15 pm, 2nd Thur of each month
[ ] Certificates of Rehabilitation- Weapon Possession (**Convictions from Limited Jurisdiction Courts**) 3:30 First Tues of each month

**CHIEF CIVIL DEPARTMENT – Seattle -- (Please report to W864 for assignment)**
**_Deliver working copies to Judges' Mailroom, Room C203_**.  _In upper right corner of papers write "Chief Civil Department" or judge's name and date of hearing_

[ ]Extraordinary Writs (Show Cause Hearing) (LCR 98.40)  1:30 p.m. Tues/Wed -report to Room W864

| | |
|---|---|
| [ ]Supplemental Proceedings<br>    (1:30 pm Tues/Wed)(LCR 69)<br><br>[ ]Motions to Consolidate with multiple judges assigned (without oral argument) (LCR 40(b)(4)) | **Non-Assigned Cases:**<br>[ ] Non-Dispositive Motions M-F (without oral argument).<br>[ ] Dispositive Motions and Revisions (1:30 pm Tues/Wed)<br>[ ] Certificates of Rehabilitation (**Employment**) 1:30 pm Tues/Wed (LR 40(b)(2)(B)) |

**You may list an address that is not your residential address where you agree to accept legal documents.**
Sign:  _/s/ Beth E. Terrell, WSBA #26759_____  Print/Type Name:  __Beth E. Terrell_____

WSBA #  __26759_____(if attorney)  Attorney for:  __Plaintiff_____

Address:  _936 N. 34th St., Suite 400_____  City, State, Zip:  _Seattle, Washington  98103-8869_

Telephone:  _(206) 816-6603_____  Date:  __May 24, 2011_____

**DO NOT USE THIS FORM FOR FAMILY LAW OR EX PARTE MOTIONS**

| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE |
|---|

Paul J. Lukas
E. Michelle Drake
Kai Richter
Rebekah L. Bailey
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

*Attorneys for Plaintiff*

Matthew G. Lindenbaum
GOODWIN PROCTOR LLP
Exchange Place
53 State Street
Boston, Massachusetts   02109
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231

*Attorneys for Defendants*

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice.  List the names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page.  Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than **six** court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The SEATTLE COURTHOUSE is in Seattle, Washington at 516 Third Avenue.  The Clerk's Office is on the sixth floor, room E609.  The Judges' Mailroom is Room C203.

THE HONORABLE SUZANNE BARNETT
Department 46
Noted for Consideration:  Wednesday, June 1, 2011
Without Oral Argument

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| ERIC SKANSGAARD, as an individual and as a representative of the classes,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, L.P.,<br><br>Defendants. | NO.  11-2-17796-3 SEA<br><br>**PLAINTIFF'S MOTION FOR CHANGE OF JUDGE PURSUANT TO RCW 4.12.040 AND RCW 4.12.050 AND AFFIDAVIT OF PREJUDICE** |

The undersigned, based on the following Affidavit, move the Court for an order for change of judge.

Date:  May 24, 2011           TERRELL MARSHALL DAUDT & WILLIE PLLC


By:   /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA # 26759
Email:  bterrell@tmdwlaw.com
Michael D. Daudt, WSBA #25690
Email:  mdaudt@tmdlaw.com
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile: (206) 350.3528

PLAINTIFF'S MOTION FOR CHANGE OF JUDGE PURSUANT
TO RCW 4.12.040 AND RCW 4.12.050 AND AFFIDAVIT OF
PREJUDICE - 1
CASE NO. 11-2-17796-3 SEA

45

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Paul J. Lukas
E. Michelle Drake
Kai Richter
Rebekah L. Bailey
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR CHANGE OF JUDGE PURSUANT
TO RCW 4.12.040 AND RCW 4.12.050 AND AFFIDAVIT OF
PREJUDICE - 2
CASE NO. 11-2-17796-3 SEA

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

**AFFIDAVIT**

STATE OF WASHINGTON     )
                        ) ss.
COUNTY OF KING          )

Beth E. Terrell, of Terrell Marshall Daudt & Willie PLLC, being first duly sworn on oath, hereby deposes and states that she is one of the attorneys for Plaintiff Eric Skansgaard in the above entitled action; that she believes that Plaintiff cannot receive a fair and impartial hearing before the Honorable Suzanne Barnett, and therefore requests that all further proceedings relating to this action be before a judge other than the Honorable Suzanne Barnett.

DATED this 24rd day of May, 2011.

_Beth Terrell_

_____
Beth E. Terrell, WSBA #26759


I certify that I know or have satisfactory evidence that Beth E. Terrell is the person who appeared before me and said person acknowledged that she signed this instrument and acknowledged it to be said person's free and voluntary act for the uses and purposes mentioned in the instrument.

DATED this 24th day of May, 2011.

_Eden B. Nordby_

[PRINT NAME] _Eden B. Nordby_
NOTARY PUBLIC for the State of Washington,
residing at _2617 NW 58th St. Apt. A, Seattle WA 98107_
My appointment expires _1/9/2015_

PLAINTIFF'S MOTION FOR CHANGE OF JUDGE PURSUANT
TO RCW 4.12.040 AND RCW 4.12.050 AND AFFIDAVIT OF
PREJUDICE - 3
CASE NO. 11-2-17796-3 SEA

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

47

THE HONORABLE SUZANNE BARNETT
Department 46
Noted for Consideration:  Wednesday, June 1, 2011
Without Oral Argument

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| ERIC SKANSGAARD, as an individual and as a representative of the classes,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, L.P.,<br><br>Defendants. | NO.  11-2-17796-3 SEA<br><br>**[PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR CHANGE OF JUDGE PURSUANT TO RCW 4.12.040 AND RCW 4.12.050** |

This matter came before the undersigned on the Plaintiff's Motion for Change of Judge Pursuant to RCW 4.12.040 and RCW 4.12.050.  The Court has reviewed and considered the following briefing and evidence:

1.      Plaintiff's Motion for Change of Judge Pursuant to RCW 4.12.040 and RCW 4.12.050;

2.      Affidavit of Prejudice submitted by Beth E. Terrell in support thereof;

3.      Defendants' response, if any; and

4.      Plaintiff's reply, if any.

[PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR
CHANGE OF JUDGE PURSUANT TO RCW 4.12.040 AND
RCW 4.12.050 - 1
CASE NO. 11-2-17796-3 SEA

1    Based upon the foregoing, IT IS ORDERED:  Plaintiff's Motion for Change of Judge

2  Pursuant to RCW 4.12.040 and RCW 4.12.050 is GRANTED.

3    DATED this _____ day of May, 2011.

4

5

_____

6                                          JUDGE/COURT COMMISSIONER

7

8  Presented by:

9  TERRELL MARSHALL DAUDT & WILLIE PLLC

10

11  By:   /s/ Beth E. Terrell, WSBA #26759_____
          Beth E. Terrell, WSBA # 26759
12        Email:  bterrell@tmdwlaw.com
          Michael D. Daudt, WSBA #25690
13        Email:  mdaudt@tmdlaw.com
          936 North 34th Street, Suite 400
14        Seattle, Washington  98103-8869
          Telephone:  (206) 816-6603
15        Facsimile: (206) 350.3528

16
          Paul J. Lukas
17        E. Michelle Drake
          Kai Richter
18        Rebekah L. Bailey
          NICHOLS KASTER, PLLP
19        4600 IDS Center
          80 South Eighth Street
20        Minneapolis, MN 55402
          Telephone: (612) 256-3200
21        Facsimile: (612) 215-6870

22

23  *Attorneys for Plaintiff*

24

25

26

27
   [PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR
   CHANGE OF JUDGE PURSUANT TO RCW 4.12.040 AND
   RCW 4.12.050 - 2
   CASE NO. 11-2-17796-3 SEA

49

THE HONORABLE SUZANNE BARNETT
Department 46
Noted for Consideration:  Wednesday, June 1, 2011
Without Oral Argument

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

ERIC SKANSGAARD, as an individual and
as a representative of the classes,

Plaintiff,

v.

BANK OF AMERICA, N.A., and BAC
HOME LOANS SERVICING, L.P.,

Defendants.

NO.  11-2-17796-3 SEA

**DECLARATION OF SERVICE**

I, Beth E. Terrell, declare and say as follows:

1.      I am a citizen of the United States and resident of the State of Washington, over

the age of 18 years, not a party to the above-entitled action, and am competent to be a witness

herein.  My business address is 936 North 34th Street, Suite 400, Seattle, Washington, 98103-

8869; telephone (206) 816-6603.

2.      On May 24, 2011, I caused true and correct copies of the following documents

to be delivered to Defendants in the above-captioned matter, by the means indicated below:

DECLARATION OF SERVICE - 1
CASE NO. 11-2-17796-3 SEA

50

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   • **Notice for Hearing—Seattle Courthouse Only;**

2   • **Plaintiff's Motion for Change of Judge Pursuant to RCW 4.12.040 and
        RCW 4.12.050 and Affidavit of Prejudice;**

3
4   • **[Proposed] Order Granting Plaintiff's Motion for Change of Judge
        Pursuant to RCW 4.12.040 and RCW 4.12.050; and**

5   • **[This] Declaration of Service.**

6

7   Matthew G. Lindenbaum                    ☐  U.S. Mail, postage prepaid
    Email:  mlindenbaum@goodwinproctor.com   ☐  Hand Delivered via Messenger Service
    GOODWIN PROCTOR LLP                      ☐  Overnight Courier
8   53 State Street                          ☐  Facsimile
    Boston, Massachusetts   02109            ☒  Electronic Mail
9   Telephone:  (617) 570-1000
    Facsimile:  (617) 523-1231
10

11  *Attorneys for Defendants*

12          DATED this 24th day of May, 2011.

13                              TERRELL MARSHALL DAUDT & WILLIE PLLC

14
                                By:   /s/ Beth E. Terrell, WSBA #26759
15                                    Beth E. Terrell, WSBA # 26759
                                      Email:  bterrell@tmdwlaw.com
16                                    936 North 34th Street, Suite 400
                                      Seattle, Washington  98103-8869
17                                    Telephone:  (206) 816-6603
                                      Facsimile: (206) 350.3528
18

19                                    *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

51  DECLARATION OF SERVICE - 2                    **TERRELL MARSHALL DAUDT & WILLIE PLLC**
    CASE NO. 11-2-17796-3 SEA                          936 North 34th Street, Suite 400
                                                         Seattle, Washington  98103-8869
                                                      TEL. 206.816.6603 • FAX 206.350.3528
                                                                  www.tmdwlaw.com