1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

| | |
|---|---|
| ERIC SKANSGAARD, | CASE NO. C11-988 RJB |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS |
| v. | |
| BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, L.P., | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss.  (Dkt. 7.)  The Court has considered the motion, the response the reply, and all related papers.  The Court finds this matter suitable for decision without oral argument.

## INTRODUCTION AND BACKGROUND

Plaintiff Eric Skansgaard is an owner of a home located in Hoquiam, Washington. Complaint ¶ 13.  In October 2002, Skansgaard obtained a Federal Housing Administration loan from Eagle Home Mortgage (Eagle) in the amount of $83,686, to purchase the home.  *Id.* Because the property is located in a Special Flood Hazard Area (SFHA) as designated by the

1  Federal Emergency Management Agency (FEMA), Skansgaard is required by federal law and

2  the terms of his deed of trust to maintain flood insurance on the property.  *Id*; Dkt. 8-1 at 4.

3       For the initial period of the loan, Skansgaard maintained only enough flood insurance to

4  cover the principal balance of the loan, not the replacement value of the land and improvements.

5  Compl. ¶ 17.  Eagle never objected to the coverage amount.  *Id.* ¶¶ 16-17.)   Bank of America

6  purchased Skansgaard's loan, and the mortgage is now serviced by a division of Bank of

7  America, BAC Home Loans Servicing, LP (Defendant or BHLS).  *Id.* ¶ 13.  BHLS has informed

8  Skansgaard that his flood insurance coverage is not adequate, and that he must have flood

9  insurance equal to the replacement value of the improvements to the property or $250,000,

10  whichever is the lower amount.  *Id.* ¶ 18.)  Bank of America allegedly force-placed flood

11  insurance on Plaintiff's property and charged $799.22 to Plaintiff's escrow account.  *Id.* ¶ 20.)

12  Bank of America is alleged to have received a commission for this acquisition of flood

13  insurance.  *Id.* ¶ 23.)  Plaintiff alleges that Defendants' force placement of insurance has created

14  an escrow shortage and his mortgage payment has "skyrocketed from $758.46 per month to well

15  over $900 per month."  *Id.* ¶ 21.)

16       In May 2011, Skansgaard filed a complaint in King County Superior Court, claiming that

17  defendants "unfairly, deceptively, and unlawfully required" him to purchase and maintain flood

18  insurance on his property in amounts greater than required by law.  Skansgaard also alleges that

19  Defendants have unfairly and unlawfully profited by force-placing flood insurance on his

20  property.   On behalf of an alleged class of similarly situated individuals, Skansgaard pursues

21  three claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair

22  dealing; and, (3) a violation of the Washington Consumer Protection Act ("CPA").  Compl.

23  ¶¶ 35-59.  Skansgaard also seeks a declaration that Defendants cannot require flood insurance in

24

1   the amount requested and that Defendants breached the contract and violated Washington law by

2   force-placing flood insurance beyond the required level.  *Id.* ¶¶ 60-64.  On June 13, 2011,

3   Defendants removed the case to this Court from King County Superior Court.  Dkt. 1-2 at 3.

4   Defendants have moved to dismiss the complaint.  Dkt. 7.

5                                    **MOTION TO DISMISS STANDARD**

6          A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.

7   Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "To survive a motion to dismiss, a complaint must

8   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

9   face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly,

10  550 U.S. 554, 570 (2007)).  The plaintiff must provide "more than labels and conclusions, and a

11  formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

12                                    **BREACH OF CONTRACT CLAIM**

13         Contract interpretation is generally a question of law for the Court.  See Burg v.

14  Hudesman, 115 Wn.2d 657, 663 (1990).  Under Washington law, Courts "generally give words

15  in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement

16  clearly demonstrates a contrary intent."  Hearst Commc'ns, Inc., v. Seattle Times Co., 154

17  Wn.2d 493, 504 (2005).  If the language of a contract is clear and unambiguous, the Court must

18  "enforce the contract as written; it may not modify the contract or create ambiguity where none

19  exists."  Lehrer v. State Dep't of Social & Health Servs., 101 Wn. App. 509, 515 (2000).

20  "Where the parties' contractual language is ambiguous, the principal goal of construction is to

21  search out the parties' intent."  Jones Assocs., Inc. v. Eastside Props., Inc., 41 Wn. App. 462, 467

22  (1985).  "Language is ambiguous if, on its face, it is fairly susceptible to more than one

23  reasonable interpretation."  Mendoza v. Rivera-Chavez, 88 Wn. App. 261, 268 (1997) (quotation

24

1   and citation omitted).  "[A]mbiguous contract language is strictly construed against the drafter."

2   Jones Assocs., 41 Wn. App. at 468.

3        The parties dispute whether the deed of trust unambiguously permits Defendants to

4   require flood insurance in any amount it desires.  The deed of trust states:

5        Borrower shall insure all improvements on the Property, whether now in existence or
         subsequently erected, against any hazards, casualties, and contingencies, including fire,
6        for which Lender requires insurance.  This insurance shall be maintained in the amounts
         and for the periods that Lender requires.  Borrower shall also insure all improvements on
7        the property, whether now in existence or subsequently erected, against loss by floods to
         the extent required by the Secretary.
8

9   Dkt. 8-1 at 4.  The Secretary refers to the Secretary of HUD.  HUD regulations require flood

10  insurance "in an amount at least equal to either the outstanding balance of the mortgage, less

11  estimated land costs, or the maximum amount of the NFIP [National Flood Insurance Program]

12  insurance available with respect to the property improvements, whichever is less."  24 C.F.R. §

13  203.16a(c).  This is lower than the amount of insurance Defendants require of Plaintiff—the

14  value of the improvements to the land.

15       The three sentences of the deed of trust are ambiguous as to whether the lender has

16  discretion to require any amount of flood insurance it desires.  The sentences can be construed in

17  two ways.  Defendants urge the Court to read them to mean that any hazard insurance includes

18  flood insurance, and that the lender has the right to require such insurance to be kept in any

19  amount it sees fit.  This is not the only reasonable reading possible.  Plaintiff argues that the third

20  sentence acts independently of the first two sentences.  Plaintiff reads the contract to mean that

21  the lender may only require the flood insurance be kept in accord with the levels set by the

22  Secretary, not the full replacement value of the land and any improvements.

23

24

ORDER DENYING MOTION TO DISMISS- 4

1    Construing the language of the deed of trust in Plaintiff's favor and giving full meaning

2  to all relevant provisions, Plaintiff has stated a claim for breach of contract.  As pleaded, the

3  complaint adequately alleges that Defendants breached the terms of the deed of trust by requiring

4  insurance over the agreed levels.  Accepting Plaintiff's allegations as true, the deed of trust did

5  not permit Defendants to set the flood insurance at any other level.  Plaintiff has adequately

6  alleged a breach of contract claim and the motion should be denied  as to this claim.

7                  IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

8    Defendants argue primarily that the breach of covenant of good faith and fair dealing

9  claim must be denied because they have not required flood insurance beyond the terms of the

10  deed of trust.  This argument is in issue, and should be rejected as a basis to dismiss Plaintiff's

11  breach of covenant claim.

12    Defendants also argue that the claim should be dismissed because Plaintiff has not

13  demonstrated that he was denied the "full benefit of performance" or that Defendants

14  "interfere[d] with [Plaintiff's] performance."  Dkt. 7 at 14.

15    The "implied duty of good faith and fair dealing" in every contract "obligates the parties

16  to cooperate with each other so that each may obtain the full benefit of performance."  Badgett v.

17  Sec. State Bank, 116 Wn.2d 563, 569 (1991).  "Ordinary contract principles require that, where

18  one party is granted discretion under the terms of the contract, that discretion must be exercised

19  in good faith-a requirement that includes the duty to exercise the discretion reasonably."  Craig

20  v. Pillsbury Non-Qualified Pension Plan, 458 F.3d 748, 752 (8th Cir. 2006) (applying

21  Washington law) (quotation omitted).  "Good faith limits the authority of a party retaining

22  discretion to interpret contract terms; it does not provide a blank check for that party to define

23

24

1   terms however it chooses."  Scribner v. Worldcom, Inc., 249 F.3d 902, 910 (9th Cir. 2001)

2   (applying Washington law).

3        Plaintiff has sufficiently alleged a claim for breach of the covenant of good faith and fair

4   dealing.  Plaintiff alleges Defendants unilaterally decided to require more insurance than was

5   required by the deed of trust.  This act allegedly deprived Plaintiff of the full benefit of his

6   bargain.  Defendants argue that they only required the amount of insurance FEMA recommends.

7   Whether Defendants action was reasonable is a question of fact that cannot be determined on the

8   motion to dismiss, and does not provide a basis to dismiss the claim as a matter of law.  The

9   motion to dismiss this claim should be denied.

10                        CONSUMER PROTECTION ACT

11       Defendants argue Plaintiff's CPA claim fails because he has not alleged any unfair or

12  deceptive acts that have a capacity to deceive the public, as required by the statute.

13       To prevail on a private CPA claim, a private plaintiff must show (1) an unfair or

14  deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to

15  the plaintiff in his or her business or property, and (5) a causal link between the unfair or

16  deceptive act and the injury suffered.  Indoor Billboard/Washington, Inc. v. Integra Telecom of

17  Wash., Inc., 162 Wn.2d 59, 74 (2007).  "An unfair or deceptive act or practice need not be

18  intended to deceive-it need only have 'the capacity to deceive a substantial portion of the

19  public.'"  Id. at 74-75 (quoting Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,

20  105 Wn.2d 778, 785 (1986)).

21       Plaintiff's CPA claim turns on the allegation that Defendants forced Plaintiff to obtain

22  insurance in an amount Plaintiff was not contractually obligated to provide.  Plaintiff also alleges

23  Defendants received monetary kick-backs from this action.  These allegations suggest

24

ORDER DENYING MOTION TO DISMISS- 6

1   Defendants acted deceptively to impose an obligation that was not legally required and from

2   which they benefitted financially.  This conduct is sufficiently alleged to have the capacity to

3   deceive a substantial portion of the public.  The motion to dismiss Plaintiff's CPA claim should

4   be denied.

5                                 **CONCLUSION**

6       Therefore, it is hereby **ORDERED**:

7       Defendants' Motion to Dismiss (Dkt. 7) is **DENIED**. Plaintiff's claims may proceed.

8       Defendants' Motion to Stay Discovery (Dkt. 25) is **DENIED** as **MOOT.**

9       Dated this  13th day of October, 2011.

10

11

12       ROBERT J. BRYAN
             United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION TO DISMISS- 7