THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC SKANSGAARD, as an individual and as a representative of the classes,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, L.P.,<br><br>Defendants. | Case No. 2:11-cv-00988 RJB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Eric Skansgaard ("Plaintiff"), by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following Complaint against Defendants Bank of America, N.A. ("BOA") and BAC Home Loans Servicing, L.P. ("BAC Servicing") (collectively, "Bank of America" or "Defendants").

**PRELIMINARY STATEMENT**

1. Plaintiff and the Putative Class members currently have or formerly had mortgage loans with Bank of America, secured by their residential property.

2. Bank of America systematically violated the legal rights of Plaintiff and other Putative Class members in two fundamental respects, as set forth below.

FIRST AMENDED CLASS
ACTION COMPLAINT -1-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

3. First, during the applicable statutory period, Bank of America unfairly, deceptively, and unlawfully required Plaintiff and other class members to purchase and maintain flood insurance on their property in amounts greater than required by law, greater than required by their mortgages and deeds of trust, and greater than Bank of America's financial interest in their property, without any reasonable basis or justification. Based on this conduct, Plaintiff asserts certain "Excess Insurance" claims against Bank of America, as described below.

4. Second, Bank of America and its affiliates also have unfairly, unjustly, and unlawfully profited from force-placing flood insurance on Plaintiff's property and the property of other class members. Bank of America force-placed flood insurance coverage through affiliate companies in order to generate commissions or other compensation for Bank of America and/or its affiliates in connection with force-placed flood insurance. These commissions were not legitimately earned, and based on this conduct, Plaintiff asserts certain "Wrongful Compensation" claims against Bank of America, as described below.

5. Bank of America engaged in this conduct in bad faith, knowing that its actions were inconsistent with applicable law, the terms of its borrower agreements, reasonable commercial standards of fair dealing, and the reasonable expectations of borrowers.

6. Based on this conduct, Plaintiff asserts four causes of action against Bank of America for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the Washington Consumer Protection Act ("CPA"); and (4) declaratory judgment under the Uniform Declaratory Judgments Act ("DJA").

7. Plaintiff asserts these causes of action on behalf of two proposed classes and two proposed subclasses (the "Putative Classes").

8. Plaintiff asserts his Excess Insurance claims in Counts 1 and 2 on behalf of a "Nationwide Over-Insured Class" consisting of all persons who have or had a FHA mortgage loan or deed of trust with Bank of America that was secured by residential property in the

FIRST AMENDED CLASS
ACTION COMPLAINT -2-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

United States and who were required by Bank of America to purchase or maintain flood insurance on their property in excess of their principal balance within the applicable limitations period through the date of final disposition of this action.

9. Plaintiff asserts his Wrongful Compensation claim in Count 2 on behalf of a "Nationwide Lender-Placed Class" consisting of all persons with residential property in the United States who had flood insurance force-placed on their property by Bank of America and who paid such charges, in whole or in part, within the applicable limitations period through the date of final disposition of this action.

10. Finally, Plaintiff asserts his Washington state law claims in Counts 3 and 4 on behalf of a Washington Subclass consisting of all persons in the Nationwide Over-Insured Class or Nationwide Lender-Placed Class whose secured property is or was located in the State of Washington.

11. Plaintiff and the Putative Classes seek injunctive relief, corresponding declaratory relief, monetary relief, and other appropriate relief for Bank of America's unlawful conduct, as described herein.

### **THE PARTIES**

12. Individual and representative Plaintiff Eric Skansgaard owns real property in Hoquiam, Washington, and is a member of the Putative Classes defined below. Plaintiff currently resides in Carson City, Nevada.

13. Defendant Bank of America, N.A. ("BOA") is a national banking association headquartered in Charlotte, North Carolina. BOA does business in the State of Washington and several other states throughout the country.

14. Defendant BAC Home Loans Servicing, L.P. ("BAC Servicing") is a subsidiary of BOA that services loans originated and purchased by BOA, including mortgage loans to Washington homeowners. At all relevant times, BAC Servicing was acting on behalf of BOA,

FIRST AMENDED CLASS
ACTION COMPLAINT -3-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

1  and its conduct was approved, authorized, and/or ratified by BOA.  BAC Servicing is
2  headquartered in Calabasas, California.

## JURISDICTION AND VENUE

4  15.  This court has original jurisdiction under the Class Action Fairness Act
5  (CAFA), 28 U.S.C. § 1332(d)(2).  Plaintiff and Defendants are citizens of different states.  The
6  amount in controversy in this action exceeds $5,000,000.00, and there are more than 100
7  members of each of the Putative Classes.

8  16.  Venue is proper in the United States District Court for the Western District of
9  Washington pursuant to 28 U.S.C. § 1391.  Plaintiff's property is located in this District,
10 Defendants are subject to personal jurisdiction in this District, and substantial part of the events
11 giving rise to Plaintiff's claims arose in this District.

## FACTUAL ALLEGATIONS

13 17.  In October of 2002, Plaintiff obtained a Federal Housing Administration
14 ("FHA") loan from Eagle Home Mortgage in the amount of $83,686.00, secured by a deed of
15 trust ("Deed of Trust") on his property in Hoquiam, Washington (the "Property").  BOA later
16 acquired the rights to this loan, and is the current lender-in-interest to Plaintiff's Deed of Trust.
17 BAC Servicing services Plaintiff's loan on behalf of BOA.  The current principal balance of
18 Plaintiff's loan is less than $73,000.

19 18.  Because Plaintiff's Property falls within a Special Flood Hazard Area
20 ("SFHA"), federal law requires Bank of America to ensure that flood insurance is maintained
21 on the Property, for the term of the loan, "in an amount at least equal to the outstanding
22 principal balance of the loan or the maximum limit of coverage made available under the Act,
23 *whichever is less*."  42 U.S.C. § 4012a(b)(1) (emphasis added).

24 19.  Consistent with this federal mandate, Plaintiff's Deed of Trust provides that
25 Plaintiff is required to insure the Property "against loss by floods to the extent required by the

FIRST AMENDED CLASS
ACTION COMPLAINT -4-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota  55402
TEL. 612.256.3200 • FAX 612.215.6870

Secretary" of Housing and Urban Development ("HUD"). HUD's website, in turn, provides as follows:

> **Dollar Amount of Flood Insurance Coverage.** For loans, loan insurance or guarantees, the amount of flood insurance coverage need not exceed the outstanding principal balance of the loan.

http://www.hud.gov/offices/cpd/environment/review/floodinsurance.cfm (last visited Jan. 30, 2012); *accord*, 24 C.F.R. § 203.16a(c) ("flood insurance must be maintained . . . in an amount at least equal to . . . the outstanding balance of the mortgage").

20. Pursuant to federal law and the terms of his Deed of Trust, Plaintiff obtained flood insurance coverage from Farmers Insurance Group ("Farmers") in an amount sufficient to cover his principal balance at the time his loan was originated.[1] Eagle Home Mortgage never indicated that this amount of coverage was in any way inadequate under federal law or the Deed of Trust.

21. For several years, Plaintiff continued to maintain flood insurance on his Property in an amount sufficient to cover his principal balance, in accordance with federal law and the terms of his Deed of Trust. Until Bank of America acquired his loan, Plaintiff never was advised that this amount of coverage was inadequate.

22. In March of 2010, after acquiring Plaintiff's loan, Bank of America suddenly contended that Plaintiff's flood insurance coverage was not adequate, and sent him a pair of form letters claiming that he was required to maintain flood insurance coverage in an amount at least equal to the lesser of: (1) the maximum insurance available under the National Flood Insurance Program ($250,000); or (2) the replacement value of the improvements to his property.

---

[1] The cost of this insurance was made part of his escrow on the loan.

FIRST AMENDED CLASS
ACTION COMPLAINT -5-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

23. Bank of America knew or should have known that it had no basis for demanding this increased level of flood insurance coverage, as evidenced by, *inter alia*, the following facts:

a) the plain language of Plaintiff's Deed of Trust does not require flood insurance in excess of his principal balance;

b) the National Flood Insurance Act and its accompanying regulations do not require flood insurance in excess of a borrower's principal balance;

c) HUD does not require flood insurance in excess of a borrower's principal balance;

d) Eagle Home Mortgage did not require flood insurance coverage in excess of Plaintiff's principal balance upon origination of his loan;

e) Plaintiff maintained flood insurance coverage in the amount of his principal balance for several years, without ever being told that this level of coverage was inadequate; and

f) Bank of America cannot identify any changes in federal law, the mortgage documents, or the circumstances surrounding the loan that justified Bank of America's assertion that Plaintiff's coverage suddenly was not adequate.

24. The following month, in April of 2010, Bank of America force-placed a flood insurance policy on Plaintiff's Property (in addition to the existing Farmers policy), in order to satisfy its unjustified flood insurance requirements. Bank of America charged Plaintiff's escrow account $799.22 for this force-placed insurance coverage, which was purchased through its affiliates. Bank of America and/or its affiliates received a commission or other compensation for force-placing this flood insurance on Plaintiff's Property.

25. After Bank of America force-placed this flood insurance on Plaintiff's Property, his mortgage payment skyrocketed from $758.46 per month to well over $900 per month (effective August 1, 2010).[2] This increase was precipitated, almost entirely, by an alleged escrow "shortage" created as a result of the force-placed flood insurance coverage that Bank of America purchased out of Plaintiff's escrow account.

---

[2] Bank of America demanded a payment of $982.55 on August 1, 2010. It charged him various amounts over $900 per month after that.

FIRST AMENDED CLASS
ACTION COMPLAINT -6-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

26. On or about December 20, 2010, Bank of America sent Plaintiff a notice ("Notice of Intent to Renew"), threatening to renew his force-placed flood insurance coverage for another term at his expense. This Notice of Intent to Renew suggested that Bank of America would purchase renewal coverage in the amount of Plaintiff's principal balance ($72,714.00 at the time), and stated: "This insurance may provide less coverage than was in effect previously." However, when Bank of America later renewed his flood insurance coverage, it once again purchased flood insurance coverage far in excess of his principal balance.

27. In a subsequent notice dated February 8, 2011 ("Notice of Renewal"), Bank of America repeated its unjustified flood insurance requirements.[3] Based on these requirements, Bank of America indicated that it had force-placed a renewal policy on Plaintiff's property in the amount of $192,700, at a cost of $985.18. The Notice of Renewal also noted that the flood insurance may have been purchased by Bank of America through agencies that are affiliates of Bank of America, N.A., and that "Bank of America, N.A. and its affiliates may receive a commission or other compensation in connection with obtaining this coverage."

28. In the Notice of Renewal, Bank of America stated: "We understand that you do have some flood insurance on the Property, but based on our records, it is not adequate." This statement was false, deceptive, and/or misleading. At the time Bank of America renewed this force-placed coverage, Plaintiff continued to maintain a separate flood insurance policy on his home, and previously had increased the level of coverage under his Farmers policy to $250,000, in order to satisfy Bank of America's unfair and unjustified flood insurance

---

[3] The Notice of Renewal stated as follows:

> To maintain acceptable insurance, we require that you maintain flood insurance coverage in an amount at least equal to the lesser of: (1) the maximum insurance available under the NFIP for participating communities, which is currently $250,000; or (2) the replacement value of the improvements to your property (typically based on the amount of hazard insurance we understand you have purchased for the property).

FIRST AMENDED CLASS ACTION COMPLAINT -7-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

requirements.[4] Bank of America had no contractual or legal basis for demanding flood insurance coverage in excess of Plaintiff's principal balance, and even if it did have such authority, it was unfair and unlawful for Bank of America to force-place flood insurance coverage through its affiliates after reducing Plaintiff's flood insurance coverage with Farmers.

29. After Bank of America renewed this force-placed flood insurance coverage, it claimed another "shortage" in Plaintiff's escrow account. Although Plaintiff has increased his monthly mortgage payment from $758.46 to $820.00, he is unable to pay the full amount demanded by Bank of America, and has been informed by Bank of America that his mortgage loan is in default. This alleged default is due entirely to the alleged "shortage" in Plaintiff's escrow account, which was precipitated by the unnecessary and excessive force-placed flood insurance coverage that Bank of America purchased out of escrow. Prior to the time that this action was commenced, Bank of America threatened to accelerate his mortgage loan and foreclose on his property, without justification.

## CLASS ACTION ALLEGATIONS

30. Plaintiff asserts his Excess Insurance claims in Counts 1 and 2 on behalf of the following proposed Nationwide Over-Insured Class:

> **Proposed Nationwide Over-Insured Class:** All persons who have or had a FHA mortgage loan or deed of trust with Bank of America that was secured by residential property in the United States, and who were required by Bank of America to purchase or maintain flood insurance on their property in excess of their principal balance within the applicable limitations period through the date of final disposition of this action.

31. Plaintiff asserts his Wrongful Compensation claims in Count 2 on behalf of the following proposed Nationwide Lender-Placed Class:

> **Proposed Nationwide Lender-Placed Class:** All persons with residential property in the United States, who had flood insurance force-placed on their

---

[4] Instead of renewing the Farmers policy at the $250,000 coverage amount, Bank of America inexplicably renewed the Farmers policy at a lower coverage amount ($57,300), and purchased a second force-placed policy (in the amount of $192,700) to meet its $250,000 coverage demand.

FIRST AMENDED CLASS
ACTION COMPLAINT -8-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

property by Bank of America and who paid such charges, in whole or in part, within the applicable limitations period through the date of final disposition of this action.

32.     Plaintiff asserts his Washington state law claims in Counts 3 and 4 on behalf of the following proposed Washington Subclass:

>   **Proposed Washington SubClass:**  All persons in the Nationwide Over-Insured Class or Nationwide Lender-Placed Class whose secured property is or was located in the State of Washington.

33.     Numerosity:  The Putative Classes are so numerous that joinder of all Class members is impracticable.  Plaintiff is informed and believes that during the relevant time period, hundreds of Bank of America's customers satisfy the definition of the Putative Classes.

34.     Typicality:  Plaintiff's claims are typical of the members of the Putative Classes.  Plaintiff is informed and believes that (1) his loan and mortgage documents were typical of those of other Putative Class members; (2) the form letters that Bank of America sent to him were typical of the form letters that Bank of America sent to other Putative Class members (as evidenced, in part, by the form numbers on the letters); (3) Bank of America treated him consistently with other Putative Class members in accordance with Bank of America's standard policies and practices; (4) it was typical for Bank of America to require borrowers in SFHAs to purchase and maintain flood insurance in amounts greater than required by law or contract, and greater than necessary to insure their outstanding principal balance; and (5) it was typical for Bank of America and/or its affiliates to accept commissions and other compensation in connection with force-placed flood insurance purchased by Bank of America.

35.     Adequacy:  Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation, including litigation relating to flood insurance.

36.     Commonality: Common questions of law and fact exist as to the members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

FIRST AMENDED CLASS
ACTION COMPLAINT -9-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota  55402
TEL. 612.256.3200 • FAX 612.215.6870

a. Whether federal law requires borrowers with mortgage loans to purchase and/or maintain flood insurance in amounts greater than necessary to secure their principal balance;

b. Whether HUD requires borrowers with FHA mortgage loans to purchase and/or maintain flood insurance in amounts greater than necessary to secure their principal balance;

c. Whether the FHA loan and mortgage documents relied upon by Bank of America authorize Bank of America to demand and/or force-place flood insurance in amounts greater than required by federal law and greater than necessary to secure the borrower's principal balance;

d. Whether Bank of America has a pervasive policy and practice of misrepresenting the amount of flood insurance that FHA borrowers are required to purchase and maintain under federal law and/or their mortgages or deeds of trust;

e. Whether Bank of America breached its contracts with FHA borrowers by demanding unauthorized amounts of flood insurance or amounts that were not properly and adequately disclosed in their mortgages and deeds of trust;

f. Whether Bank of America owes its mortgage loan customers a duty of good faith and fair dealing, and if so, whether Bank of America breached this duty and/or obligation by, *inter alia*, (i) demanding flood insurance in amounts greater than necessary to secure their principal balance and greater than required by federal law or contract; and (ii) purchasing force-placed flood insurance through affiliates and accepting commissions or other compensation in connection with force-placed flood insurance coverage;

g. Whether Bank of America's conduct described in this Complaint was unfair or deceptive;

h. Whether Bank of America's conduct described in this Complaint constitutes one or more violations of the CPA;

i. The appropriateness and proper form of any declaratory or injunctive relief; and

j. The appropriateness and proper measure of compensatory damages, statutory penalties and other relief.

37. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the Putative

FIRST AMENDED CLASS
ACTION COMPLAINT -10-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

1   Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with
2   respect to the Putative Classes as a whole.

3   38.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in unnecessary flood insurance premiums and related charges that are readily calculable from Defendants' records and other class-wide evidence. Members of the Putative Classes do not have an interest in pursuing separate individual actions against Defendants, as the amount of each Putative Class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation by members of the Putative Classes that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

39.   Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class members are available from Defendants' records.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

40.   Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

41.   Bank of America is the current lender-in-interest to Plaintiff's Deed of Trust and is bound by the terms of that Deed of Trust.

FIRST AMENDED CLASS
ACTION COMPLAINT -11-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota  55402
TEL. 612.256.3200 • FAX 612.215.6870

42. Plaintiff's Deed of Trust does not require flood insurance in an amount greater than the unpaid principal balance on the loan.

43. Bank of America breached the express terms of the Deed of Trust by requiring Plaintiff to obtain flood insurance in excess of his principal balance and by force-placing flood insurance in excess of his principal balance.

44. Bank of America's breaches were willful and not the result of mistake or inadvertence. On information and belief, Bank of America systematically and pervasively required other members of the Nationwide Over-Insured Class to obtain flood insurance in excess of the amount required under their mortgages and Deeds of Trust and in excess of the amount that Bank of America could fairly and reasonably demand in good faith.

45. As a direct result of Bank of America's breaches of contract, Plaintiff and the Nationwide Over-Insured Class have suffered damages in the form of increased insurance premiums, escrow charges, interest payments, and/or other charges.

46. Plaintiff and the Nationwide Over-Insured Class are entitled to recover their damages and other appropriate relief for the foregoing contractual breaches.

47. To the extent that the relevant mortgages and Deeds of Trust contain a prevailing party attorneys' fees clause, Plaintiff and the Nationwide Over-Insured Class are also entitled to recover their attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

48. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

49. Bank of America owed Plaintiff and both Nationwide Classes a duty of good faith and fair dealing, by virtue of Bank of America's contractual relationship with Plaintiff and the Nationwide Class members.

FIRST AMENDED CLASS ACTION COMPLAINT -12-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

50. Bank of America breached this duty by, among other things: (1) misrepresenting both federal requirements and contractual requirements regarding flood insurance; (2) demanding and/or force-placing flood insurance coverage in excess of that required by federal law or the relevant loan and mortgage documents; (3) unreasonably exercising in bad faith any purported discretionary authority Bank of America claims it had under the loan and mortgage documents; (4) imposing contractual requirements that did not exist or exceeded the requirements disclosed in the relevant loan and mortgage documents; (5) purchasing force-placed flood insurance coverage through affiliates to generate commissions or other compensation for itself and/or its affiliates in connection with force-placed insurance coverage; and (6) otherwise engaging in unfair conduct in connection with mortgage contracts (including deeds of trust) with Plaintiff and other Nationwide Class members.

51. Bank of America willfully engaged in the foregoing conduct in bad faith, for the purpose of (i) unfairly and unconscionably maximizing revenue from Plaintiff and other Nationwide Class members; (ii) generating unearned commissions, interest, fees, and other compensation for Bank of America and/or its affiliates; and (iii) gaining unwarranted contractual and legal advantages.

52. Plaintiff and the Nationwide Classes reasonably and justifiably relied on Bank of America to (among other things) fully, honestly, and fairly disclose the amount of flood insurance that was required for their property under their Deeds of Trust and federal law, and to interpret and/or apply such requirements reasonably and fairly in good faith. But for Bank of America's conduct, Plaintiff and other class members would not have incurred the cost of purchasing or would not have been forced to incur the cost of purchasing flood insurance in excess of that required by federal law and/or contract.

53. As a direct result of Bank of America's breaches of the implied covenant of good faith and fair dealing, Plaintiff and the Nationwide Classes have suffered damages in the

FIRST AMENDED CLASS
ACTION COMPLAINT -13-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

form of increased insurance premiums, escrow charges, interest payments, and/or other charges.

54.     Plaintiff and the Nationwide Classes are entitled to recover their damages and other appropriate relief for the foregoing contractual breaches of the implied covenant of good faith and fair dealing.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

55.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

56.     Plaintiff and the Washington SubClass members own secured properties located in Washington State and their Deeds of Trust select Washington law as the governing law. As a result, Bank of America's transactions and business interactions with Plaintiff and other Washington Class members are subject to the requirements of Washington law, including the CPA, RCW § 19.86.010 *et seq*.

57.     The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

58.     Bank of America violated the CPA, and continues to violate the CPA, by virtue of the unfair and deceptive acts and practices described above. Among other things, it was unfair and deceptive for Bank of America to demand and/or force-place flood insurance on property owned by Plaintiff and other Washington SubClass members in amounts greater than required by law, greater than required in the relevant loan and mortgage documents, and greater than Bank of America's financial interest in their property, without any reasonable basis or justification.

59.     Bank of America's practice of, among other things, purchasing force-placed flood insurance coverage through affiliates to generate commissions or other compensation for itself and/or its affiliates in connection with force-placed flood insurance coverage also

FIRST AMENDED CLASS
ACTION COMPLAINT -14-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

constitutes an unfair practice. This practice is unfair because it (1) causes substantial financial injury to Plaintiff and Washington SubClass members; (2) is not outweighed by any countervailing benefits to consumers or competitors; and (3) is not reasonably avoidable by consumers, unless consumers accede to Bank of America's unfair and excessive insurance requirements and purchase coverage on their own that is sufficient to meet those unjustified requirements. According to one published news report that won an investigative award from the Society of American Business Editors and Writers, Bank of America's financial incentives in connection with force-placed insurance have led it "to force-place excessive insurance and overcharge consumers for policies that provide minimal benefit[.]" *See* "Ties to Insurers Could Land Mortgage Servicers in More Trouble," *available at* http://www.americanbanker.com/issues/175_216/ties-to-insurers-servicers-in-trouble-1028474-1.html?zkPrintable=1&nopagination=1 (last visited Jan. 30, 2012).

60. These violations of the CPA are systematic and pervasive. Bank of America's violations injured Plaintiff and the Washington SubClass members, had the capacity to injure others, and continue to have the capacity to injure others, making Bank of America's conduct injurious to the public interest. Bank of America repeatedly committed these violations in the regular course of their business, pursuant to a generalized corporate policy that affects many persons with property in the State of Washington, and via form letters that were sent to mortgage borrowers throughout the State of Washington. Bank of America will continue to engage in these violations of the CPA in the absence of judicial relief.

61. Bank of America engaged in such conduct for the purpose of (i) unfairly and unconscionably maximizing revenue from Plaintiff and other Washington SubClass members; (ii) generating unearned commissions, interest, fees, and other compensation for Bank of America and/or its affiliates; and (iii) gaining unwarranted contractual and legal advantages.

62. Plaintiff and the Washington SubClass reasonably and justifiably relied on Bank of America to (among other things) fully, honestly, and fairly disclose the amount of flood

FIRST AMENDED CLASS
ACTION COMPLAINT -15-
CASE NO. 2:11-cv-00988 RJB

**NICHOLS KASTER PLLP**
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

insurance that was required for their property under their Deeds of Trust and federal law, and to interpret and/or apply such requirements reasonably and fairly in good faith.

63. As a result of Bank of America's violations of the CPA, Plaintiff and the Washington SubClass have suffered ascertainable losses and damages in the form of increased insurance premiums, escrow charges, interest payments, and/or other charges.

64. Plaintiff and the Washington SubClass are entitled to relief for Bank of America's violations of the CPA, including but not limited to actual damages, treble damages, costs, attorneys' fees, and injunctive and declaratory relief. *See* RCW § 19.86.090.

## FOURTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT

65. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

66. Pursuant to the RCW § 7.24.010 *et seq.*, Plaintiff and the Washington SubClass members within the Nationwide Over-Insured Class are entitled to a declaration that, *inter alia*, (1) their deeds of trust do not authorize Bank of America to demand or force-place flood insurance on their property in excess of their outstanding principal balance, and (2) Bank of America has breached their contracts and violated Washington law by demanding and/or force-placing unnecessary flood insurance coverage in excess of their outstanding principal balance.

67. Plaintiff and these Washington SubClass members are also entitled to an injunction restraining Bank of America from, *inter alia*, foreclosing on their property, accelerating their loan, or taking any other adverse action as a result of any alleged default that was caused, in whole or in part, by non-payment of charges for force-placed flood insurance, flood insurance coverage in excess of their principal balance, or related interest, late fees, or other charges. *See* RCW §§ 7.24.080, 7.24.190, 61.24.130.

68. Plaintiff and the Washington SubClass are entitled to their costs in connection with this proceeding. *See* RCW § 7.24.100.

FIRST AMENDED CLASS
ACTION COMPLAINT -16-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

69. Plaintiff and the Washington SubClass are entitled to such further relief as is necessary or proper. *See* RCW § 7.24.080.

## **PRAYER FOR RELIEF**

70. WHEREFORE, Plaintiff, on behalf of himself and the Putative Classes, prays for relief as follows:

    A. Determining that this action may proceed as a class action under Civil Rules 23(b)(2) and (3);

    B. Designating Plaintiff as class representative for the Putative Classes;

    C. Designating Plaintiff's counsel as counsel for the Putative Classes;

    D. Issuing proper notice to the Putative Classes at Defendants' expense;

    E. Declaring that Bank of America breached its mortgage contracts with borrowers and breached the covenant of good faith and fair dealing;

    F. Declaring that Bank of America committed multiple, separate violations of the CPA;

    G. Declaring that Bank of America acted willfully in deliberate or reckless disregard of applicable law and the rights of Plaintiff and the Putative Classes;

    H. Awarding appropriate equitable relief, including but not limited to an injunction (i) requiring Bank of America to reverse all unlawful, unfair, or otherwise improper charges for flood insurance coverage, (ii) prohibiting Bank of America from imposing unfair and unlawful flood insurance requirements, (iii) prohibiting Defendants from accepting commissions or other compensation for themselves or their affiliates in connection with force-placed flood insurance, (iv) prohibiting Bank of America from taking any adverse action as a result of any alleged default that was caused, in whole or in part, by non-payment of charges for force-placed flood insurance or for flood insurance coverage in excess of the amount of funds extended by Bank of America; and (v) requiring Bank of America to cease and desist from engaging in further unlawful conduct in the future;

    I. Awarding actual damages, treble damages, punitive damages, penalties, and interest;

FIRST AMENDED CLASS ACTION COMPLAINT -17-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

J.  Awarding reasonable attorneys' fees and costs as provided by the CPA and other authority; and

K.  Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

71.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Classes demand a trial by jury.

Respectfully submitted,

NICHOLS KASTER, PLLP

Dated: February 3, 2012       By: s/Kai Richter
Kai Richter, MN Bar No. 0296545*
E. Michelle Drake, MN Bar No. 0387366*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: krichter@nka.com
          drake@nka.com
*Admitted Pro Hac Vice*

and

Beth E. Terrell, WSBA # 26759
Michael D. Daudt, WSBA # 25690
Terrell Marshall Daudt & Willie PLLC
936 N. 34th St., Suite 400
Seattle, WA 98103
Telephone: (206) 816-6603
Fax: (206) 350-3528
Email: bterrell@tmdwlaw.com
          mdaudt@tmdlaw.com

and

Edward F. Haber, MA Bar No. 215620*
Adam M. Stewart, MA Bar No. 661090*
Shapiro Haber & Urmy LLP
53 State Street

FIRST AMENDED CLASS ACTION COMPLAINT -18-
CASE NO. 2:11-cv-00988 RJB

NICHOLS KASTER PLLP
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

| | |
|---|---|
| 1 | Boston, MA 02109 |
| 2 | Telephone: (617) 439-3939 |
|   | Fax: (617) 439-0134 |
| 3 | Email: ehaber@shulaw.com |
|   | astewart@shulaw.com |
| 4 | *Admitted Pro Hac Vice |

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASSES

FIRST AMENDED CLASS
ACTION COMPLAINT -19-
CASE NO. 2:11-cv-00988 RJB

**NICHOLS KASTER PLLP**
80 South Eighth Street, Suite 4600
Minneapolis, Minnesota 55402
TEL. 612.256.3200 • FAX 612.215.6870

| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **WESTERN DISTRICT OF WASHINGTON** |
| 3 | **CERTIFICATE OF SERVICE** |
| | Skansgaard v. Bank of America, N.A., et al. |
| 4 | Court File No.: 2:11-cv-00988-RJB |

The undersigned certifies under penalty of perjury under the laws of the State of Washington and the United States that on this day, I electronically filed a true and accurate copy of the document to which this certification is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

John S Devlin, III devlinj@lanepowell.com, Docketing-SEA@LanePowell.com, burrusl@lanepowell.com

Michael Duane Daudt mdaudt@tmdwlaw.com, bkinsey@tmdwlaw.com, enordby@tmdwlaw.com, filing@tmdwlaw.com

Beth E Terrell bterrell@tmdwlaw.com, bkinsey@tmdwlaw.com, enordby@tmdwlaw.com, filing@tmdwlaw.com

Jacob M Downs downsj@lanepowell.com, docketing-sea@lanepowell.com, hutchingsd@lanepowell.com

David L Permut dpermut@goodwinprocter.com

Matthew G. Lindenbaum MLindenbaum@goodwinprocter.com

Kai H. Richter krichter@nka.com, mmodry@nka.com

John C Englander jenglander@goodwinproctor.com

Adam M. Stewart astewart@shulaw.com

Edward F. Haber ehaber@shulaw.com

Executed on Friday, February 03, 2012.

                                                                                 s/Kai Richter  
                                                                                 Kai Richter

CERTIFICATE OF SERVICE - 1  
CASE NO. 2:11-cv-00988 RJB

**NICHOLS KASTER PLLP**  
80 South Eighth Street, Suite 4600  
Minneapolis, Minnesota 55402  
TEL. 612.256.3200 • FAX 612.215.6870